650 A.2d 13

R.T. AND M.T., PLAINTIFFS, v. J.E. AND L.E., DEFENDANTS.

Superior Court of New Jersey
Chancery Division Family Part
Camden County

Decided April 28, 1994.

*B. Michael Borelli,* for plaintiffs.

*Mark D. Caswell,* for defendants.

*Deborah T. Poritz,* Attorney General of New Jersey (*Miriam A. Seltzer* appearing) for the State of New Jersey.

SEGAL, J.S.C.

Defendants challenge the constitutionality of New Jersey's grandparent visitation statute, *N.J.S.A.* 9:2–7.1. They allege the statute is violative of the Fourteenth Amendment of the United States Constitution in that it impermissibly interferes with parents' fundamental right of liberty to raise children as they see fit. After an extensive review of similar statutes across the nation and opinions of various state courts, this court concludes that *N.J.S.A.* 9:2–7.1 is constitutional.

Plaintiffs M.T. and R.T. are the maternal grandparents of three children ages 12, 8 and 2. The defendants L.E. and J.E. are the parents of the three children. They are married and an intact family. Plaintiffs instituted their action on August 12, 1993, to secure visitation with their grandchildren after being denied visi-

tation by the defendants. An initial hearing was held by the court on September 9, 1993. At a second hearing on October 12, 1993, the parties were directed to participate in the County Mediation Program. When mediation failed the parties were referred to a mental health evaluator on December 16, 1993. With the evaluations nearly complete, defendants brought their motion which is now before the court. They seek to have plaintiffs' complaint dismissed on the ground that *N.J.S.A.* 9:2–7.1 as applied to them is unconstitutional.

*N.J.S.A.* 9:2–7.1 provides:

1.a. A grandparent or any sibling of a child residing in this State may make application before the Superior Court, in accordance with the Rules of Court, for an order for visitation. It shall be the burden of the applicant to prove by a preponderance of the evidence that the granting of visitation is in the best interests of the child.

b. In making a determination on an application filed pursuant to this section, the court shall consider the following factors:

(1) The relationship between the child and the applicant;

(2) The relationship between each of the child's parents or the person with whom the child is residing and the applicant;

(3) The time which has elapsed since the child last had contact with the applicant;

(4) The effect that such visitation will have on the relationship between the child and the child's parents or the person with whom the child is residing;

(5) If the parents are divorced or separated, the time sharing arrangement which exists between the parents with regard to the child;

(6) The good faith of the applicant in filing the application;

(7) Any history of physical, emotional or sexual abuse or neglect by the applicant, and

(8) Any other factor relevant to the best interests of the child.

c. With regard to any application made pursuant to this section, it shall be *prima facie* evidence that visitation is in the child's best interest if the applicant, had, in the past, been a full-time caretaker for the child.

2. This act shall take effect immediately.

The statute in its revised form was amended, effective June 29, 1993. The revisions made the statute applicable to "any grandparent or sibling of a child," thus eliminating the requirement that parents be divorced, deceased or separated. Defendants' challenge to the statute objects to the inclusion of intact families within the bounds of *N.J.S.A.* 9:2–7.1.

The Fourteenth Amendment of the United States Constitution protects the fundamental right of liberty. *Stanley v. Illinois,* 405 *U.S.* 645, 92 *S.Ct.* 1208, 31 *L.Ed.*2d 551 (1972); *see U.S. Const.* amend. XIV. Within this liberty interest, courts have held that parents have the right to raise and care for their children as they see fit. *Santosky v. Kramer,* 455 *U.S.* 745, 102 *S.Ct.* 1388, 71 *L.Ed.*2d 599 (1982); *Prince v. Massachusetts,* 321 *U.S.* 158, 166, 64 *S.Ct.* 438, 88 *L.Ed.* 645 (1944); *Meyer v. Nebraska,* 262 *U.S.* 390, 43 *S.Ct.* 625, 67 *L.Ed.* 1042 (1923). However, this right is not without limits. The acts of individuals, especially minors, are subject to regulation by the states so long as the regulation has a reasonable relation to the legitimate interest of the state and the action is not arbitrary or capricious. *See Pierce v. Society of Sisters,* 268 *U.S.* 510, 535, 45 *S.Ct.* 571, 573, 69 *L.Ed.* 1070 (1925); *Wisconsin v. Yoder,* 406 *U.S.* 205, 92 *S.Ct.* 1526, 1541, 32 *L.Ed.*2d 15 (1972).

There are instances where government intrusion into parents' rights to rear children is justified. *King v. King,* 828 *S.W.*2d 630 (Ky.1992), *cert. den.,* —— U.S. ——, 113 *S.Ct.* 378, 121 *L.Ed.*2d 289 (1992). A sampling of these intrusions include child labor laws, compulsory education laws, car seat and seat belt regulations, prevention of abuse laws, disease vaccination laws and marriage laws. *Id.*

By example, the United States Supreme Court has reaffirmed the fundamental right to marry. *Zablocki v. Redhail,* 434 *U.S.* 374, 375, 98 *S.Ct.* 673, 675, 54 *L.Ed.*2d 618 (1978). In reaffirming this right, however, the Court stressed that it did not mean to subject every state regulation which relates in any way to the right to marry to strict scrutiny. Instead, the Court stated that "reasonable regulations that do not significantly interfere with decisions to enter into the marital relationship may legitimately be imposed." *Id.* at 386, 98 *S.Ct.* at 681, 54 *L.Ed.*2d at 623.

It is through this power to regulate that the Legislature of New Jersey enacted the grandparent visitation statute. By

creating a right in grandparents to apply for visitation with their grandchildren, the statute seeks to balance the competing interests of grandparents, grandchildren and parents. *N.J.S.A.* 9:2–7.1 gives grandparents the right to petition for visitation. It does not make that right automatic. The statute considers the best interest of the child and enumerates eight specific factors which the court should weigh in making its decision. All parties to the action benefit from fundamentally fair procedures, and if these procedures are followed, the decision of the court cannot be classified as arbitrary. Further, the New Jersey grandparent visitation statute is much more specific than many other state statutes dealing with the same subject. *See Okla.Stat.Ann.* tit. 10, s. 5 (1992); *Conn.Gen.Stat.Ann.* s. 46b–59 (1986); *Ala.Code* ss. 26–10a–30, 30–3–4 (1991); *Haw.Rev.Stat.* s. 571–46(7) (1991); *Minn. Stat.Ann.* s. 257.022 (1992); *Mont.Code Ann.* ss. 40–9–101, 40–9–102 (1991). And other state statutes, although not as specific, have been upheld as being constitutional under the Fourteenth Amendment of the United States Constitution. *See Ky.Rev.Stat. Ann.* s. 405–021 (1990); *N.Y.Dom.Rel.Law.* s. 72 (McKinney Supp. 1992); *Fla.Stat.Ann.* s. 752.01 (1992); *Mo.Ann.Stat.* s. 452.402 (Vernon 1992).

In *King v. King, supra,* the Supreme Court of Kentucky held the state's grandparent visitation statute constitutional. 828 *S.W.*2d 630 (1992). The Kentucky statute provides in part, "the circuit court may grant reasonable visitation rights to either the paternal or maternal grandparents of a child and issue any necessary orders to enforce the decree if it determines that it is in the best interest of the child to do so...." *Ky.Rev.Stat.Ann.* s. 405.021 (Baldwin 1976). The Supreme Court of Kentucky acknowledged that the Fourteenth Amendment of the United States Constitution protects the right to marry and bring up children. *King,* at 631. However, the Kentucky Court noted that this right is not absolute. It further held that the statute was not arbitrary because it included a requirement that the visitation be found to be in the best interest of the child before being granted. *Id.* at

631. In addition, the court stated that it was not unreasonable for a state to advance loving relations among families "[i]n an era in which society has seen a general disintegration of the family." *Id.* Thus, the statute, applicable to an intact family, was upheld as being constitutional.

The constitutionality of a grandparent visitation statute applied to an intact family was upheld by the New York Family Court in *Frances E. v. Peter E.*, 125 *Misc.*2d 164, 479 *N.Y.S.*2d 319 (N.Y.Fam.Ct.1984). The statute in question gives a grandparent the right to apply for visitation where a parent is deceased or "where circumstances show that conditions exist where equity would see fit to intervene...." *N.Y.Dom.Rel.Law.* s. 72 (McKinney Supp.1990). In holding the statute constitutional as applied to an intact family, the court stated that the "right to be free from state interference ... [applies] to all parents and should have no greater application to parents who are married and residing together in an 'intact family'." *Frances E., supra*, 479 N.Y.S.2d at 322. Thus while the court acknowledged the right of a grandparent to seek visitation, it refused to give different treatment to an intact family versus one involving divorce or separation.

More recently, the Missouri Supreme Court found that state's grandparent visitation statute constitutional. *Herndon v. Tuhey*, 857 *S.W.*2d 203 (1993). The statute grants visitation rights to grandparents if they are unreasonably denied visitation with a child for a period exceeding 90 days and if the court determines it is in the child's best interest. *Mo.Ann.Stat.* s. 452.402 (Vernon 1992). As in the case at bar, the parents in *Herndon v. Tuhey, supra*, based their claim on the constitutional right to raise their children as they see fit pursuant to the Fourteenth Amendment right to liberty. They relied on the same Supreme Court cases establishing that right as do defendants here. In holding the Missouri statute constitutional, the court focused upon the magnitude of the infringement in question and compared it to the infringements which occur in the cases cited by defendants. The constitutional violations in the cases presented involved termination of parental rights, the decision to select a child's school,

foreign language prohibitions and housing prohibitions. *Id.* The Missouri Court determined that these were significant violations of the right to liberty but found visitation rights by grandparents to be "less than a substantial encroachment on a family." *Id.* at 209.

Applying the foregoing analysis to the present constitutional challenge, it appears that the New Jersey grandparent visitation statute is premised upon the presumed beneficial relationship existing between grandparents and grandchildren. However, it does not automatically conclude that all such relationships are beneficial. It places the burden of proof on the grandparents to convince the court by a preponderance of evidence that such visitation is in the best interest of the child. Specifically there are many factors which must be considered. The statute clearly employs fundamentally fair procedures, it is not arbitrary or capricious and can be said equally to balance the interest of all parties involved. As such, the New Jersey statute is rationally related to the legitimate interest of the State of New Jersey in promoting grandparent-grandchild relationships.

Defendant's application seeking to have *N.J.S.A.* 9:2–7.1 declared unconstitutional is denied.