(September 9, 1993)

■ WILLIAM BRICKER, Appellant, v LESLIE POWERS, Respon-

dent. [601 NYS2d 616] —Order of the Supreme Court, New York County (David Saxe, J.), entered on November 10, 1992, which, *inter alia,* denied plaintiff's motion to disqualify the court-appointed forensic psychiatry expert, unanimously modified, on the law, the facts and in the exercise of discretion, to the extent of vacating the denial of the motion and remanding for an evidentiary hearing and a determination of the motion in light thereof, and otherwise affirmed, without costs.

Appeal from the order of the Supreme Court, New York County (David Saxe, J.), entered on November 20, 1992, which granted plaintiff's motion for renewal but adhered to its decision, and denied reargument, is dismissed.

This appeal involves a challenge to a court-appointed expert in a matrimonial action where the principal issue is the custody of the parties' three year old son, their only child. Each of the parties insists that the other is incapable of acting as custodial parent. Previously a court-appointed expert, Dr. Stephen Herman, submitted a report that was inconclusive in that it made no recommendation and stated that the expert could not determine which statements of the respective parents were credible. The court then appointed Dr. Samuel Pauker, a psychiatrist, to serve as forensic expert. The defendant wife, also a psychiatrist, attended the Columbia University Psychoanalytic Institute at the same time as Dr. Pauker. The extent and degree of their acquaintance is not adequately set forth in the record. Given the importance of the recommendation of Dr. Pauker to the court in deciding the custody issue, appellant should be permitted to examine the expert in order to rule out any possibility of bias *(see, Rosenblitt v Rosenblitt,* 107 AD2d 292). This is especially true in light of the fact that Dr. Pauker has sought waivers from the parties specifically acknowledging the intention of the parties to continue Dr. Pauker's role as expert despite his "acquaintance with Dr. Powers through their common involvement at the Columbia Center for Psychoanalytic Training and Research" and the fact that "one of the physicians he (Dr. Pauker) had sought to interview as part of the custody evaluation declined to participate in part out of his concern that Dr. Pauker's colleagueship with Dr. Powers at Columbia might raise questions regarding the appropriateness of his performing the evaluation". The physician referred to in the waiver is Dr. Robert Michels, currently Dean of the Cornell Medical School and head of the Columbia Institute at the time Dr. Pauker and respondent attended. It is alleged and not denied that Dr.

Michels expressed to Dr. Pauker his opinion that it would be inappropriate for Dr. Pauker to participate in this case inasmuch as it involves a colleague from the Columbia Institute. Under these circumstances, an evidentiary hearing is indicated to determine whether Dr. Pauker is able to discharge his responsibilities in this matter in an ethical and unbiased manner. Concur—Murphy, P. J., Sullivan, Milonas and Nardelli, JJ.