■ In the Matter of JOSEPH MIKOLINSKI, SR., Respondent, v BARBARA FARNSWORTH, Appellant. [671 NYS2d 389] —Amended order unanimously affirmed without costs. Memorandum: Family Court did not abuse its discretion in modifying a prior custody order by awarding petitioner father custody of the parties' infant son. We give due deference to the factual findings of Family Court, which had the opportunity to observe the witnesses and assess their credibility, and its determination will not be disturbed where, as here, it has a sound and substantial basis in the record (*see, Eschbach v Eschbach,* 56 NY2d 167, 173-174; *Matter of De Losh v De Losh,* 235 AD2d 851, 853, *lv denied* 89 NY2d 813). The contention of respondent that she was denied effective assistance of counsel lacks merit (*see generally, People v Satterfield,* 66 NY2d 796, 798-800; *People v Baldi,* 54 NY2d 137, 147). (Appeal from Amended Order of Oswego County Family Court, McCarthy, J.—Custody.) Present— Pine, J. P., Hayes, Wisner, Pigott, Jr., and Boehm, JJ.

■ SIMON BRAITMAN, Appellant, v KENNETH VASILE et al., Respondents. [672 NYS2d 564] —Order unanimously affirmed without costs. Memorandum: We affirm for reasons stated at Supreme Court (Stander, J.). We add only that any cause of action against defendant Chase Lincoln First Bank, N. A., accrued in March 1990 when the alleged misappropriation of partnership funds occurred and is time-barred because plaintiff did not commence this action until November 1996. There was no concealment of the alleged misappropriation, which was recorded in the checkbook register and the account statement of the partnership. Plaintiff, as a member of the partnership, is presumed to know the contents of its books and records (*see, Flour City Natl. Bank v Widener,* 163 NY 276, 279; *Hotopp v Huber,* 160 NY 524, 530; 15A NY Jur 2d, Business Relationships, § 1456, at 398-399). Although plaintiff alleges that he did not discover the alleged fraud until October 1996, he could have discovered it with reasonable diligence in March 1990 or soon thereafter (*see, Rosen v Morben Props.,* 223 AD2d 584, 585). (Appeal from Order of Supreme Court, Monroe County, Stander, J.—Dismiss Causes of Action.) Present—Pine, J. P., Hayes, Wisner, Pigott, Jr., and Boehm, JJ.