OPINION OF THE COURT
Anthony J. Falanga, J.
This is a motion by the wife for an order disqualifying the law firm of Sari Friedman, P.C. from representing the husband *156 in the above-captioned action. The husband cross-moves for an order disqualifying the court-appointed custody forensic expert, and upon such disqualification, appointing another forensic evaluator, at his sole cost and expense, to conduct a new forensic evaluation.
The parties were married on May 20, 1989 in the State of New York. The husband is 42 years old and the wife is 36 years old. There are three children of the marriage, Kelly, born December 5, 1992; Jessica, bom May 9, 1995; and Kyle, who is 22 months old. The parties and their children reside in the marital residence in Wantagh. The wife is an account executive employed by Titleserv. The husband is a Nassau County police officer.
The husband commenced the above-captioned action for divorce on March 30, 2001. A preliminary conference was conducted on April 26, 2001 and a compliance conference was held on August 16, 2001. On that date, the court issued an order appointing a law guardian for the parties’ children and an order appointing a neutral expert to conduct a custody forensic evaluation. Said expert conducted a series of 19 interviews with the parties and their children which commenced on September 4, 2001 and concluded on January 26, 2002. The expert’s written report was forwarded to the undersigned Justice on or about February 1, 2002. On February 12, 2002, the husband’s prior attorney signed a consent to change attorney form and the law firm of Sari Friedman, P.C. became the husband’s counsel of record in this action.
Each party had moved for pendente lite relief by motions that were submitted on November 26, 2001. Pursuant to the order deciding said motions, dated November 30, 2001, commencing in or about January 2002, and continuing to date, each party remains away from the marital residence on alternating weeks.
The action was certified as ready for trial by order dated January 14, 2002. A note of issue was filed on February 13, 2002. Trial of the action, scheduled to commence on March 25, 2002, was adjourned to May 6, 2002. On or about April 16, 2002, the court received a fax from the court-appointed custody evaluator, advising (1) that he had just learned that the husband had retained the law firm of Sari Friedman, P.C., and (2) that Ms. Friedman had represented him for a period of time in 1995. The May 6th trial date was then adjourned and counsel for both parties were directed to appear for a conference on May 16, 2002. The content of the communication from *157 the forensic evaluator was disclosed to counsel at the conference and the action was adjourned to afford counsel an opportunity to discuss the issue with their clients. The instant motions ensued.
The wife seeks disqualification of the law firm of Sari Friedman, P.C. on the ground that her prior representation of the court-appointed neutral custody forensic expert constitutes a conflict of interest and creates an appearance of impropriety. She contends that it is reasonable to assume that during the course of her representation of the expert, Ms. Friedman, Esq. acquired confidential information about him which she could use to the husband’s advantage at the expense of the expert’s confidentiality privilege.
The husband seeks an order disqualifying the custody forensic expert. His affidavit in support of his application includes the following statements: (1) “I am troubled * * * that as a result of his former employment of Ms. Friedman, the forensic evaluator might possibly be biased against my attorney (and therefore against me) in his testimony”; (2) “I have had a vague feeling that the neutral court-appointed forensic evaluator was somehow subconsciously biased against police officers”; (3) “I mentioned my concerns to Ms. Friedman on several occasions”; (4) “after leaving Court on May 16, 2002, something in my conversation with my attorney and my co-workers jarred my memory.” The custody forensic evaluator “was arrested by the Third precinct where I worked and when I was employed there, on more than one occasion during the mid-nineteen nineties for actions emanating from a domestic dispute. I do not recall whether or not I was the arresting officer.”
In her affirmation in support of the husband’s motion, Ms. Friedman, Esq. reveals that she represented the forensic evaluator in a divorce proceeding. She states that she believes the expert sent the April 16, 2002 communication to the court because he perceived “the possibility of a conflict of interest or the appearance of impropriety which could possibly impact on his testimony at any trial of this action * * * ” ghe further states that both she and her client are “justifiably concerned about the possibility of bias on the part of the court-appointed neutral expert as a result of (her) former representation of his interests in a matrimonial action.”
The law guardian appointed to represent the children vigorously opposes the husband’s application for an order compelling the children to submit to a new forensic evaluation.
Well recognized competing interests are inherent in attorney disqualification cases (see, Tekni-Plex, Inc. v Meyner & Landis, *158 89 NY2d 123). Disqualification of counsel contravenes the public policy favoring a party’s right to representation by counsel of choice (see, Solow v Grace & Co., 83 NY2d 303, 309; S & S Hotel Ventures Ltd. Partnership v 777 S.H. Corp., 69 NY2d 437, 443; Tekni-Plex, Inc. v Meyner & Landis, supra). Nevertheless, the rules providing for disqualification are a “prophylactic measure [that] frees clients from apprehension that information imparted in confidence might later be used to their detriment, which in turn, ‘fosters the open dialogue between lawyer and client that is deemed essential to effective representation’” (Tekni-Plex, Inc. v Meyner & Landis, supra at 131, quoting Spectrum Sys. Intl. Corp. v Chemical Bank, 78 NY2d 371, 377).
“The Code of Professional Responsibility * * * imposes a continuing obligation on attorneys to protect their clients’ confidences and secrets. Even after representation has concluded, a lawyer may not reveal information confided by a former client, or use such information to the disadvantage of the former client or the advantage of a third party (Code of Professional Responsibility DR 4-101 [B] [22 NYCRR 1200.19 (b)]; see also, Code of Professional Responsibility DR 5-108 [A] [2] [22 NYCRR 1200.27 (a) (2)]). An attorney, moreover, ‘must avoid not only the fact, but even the appearance, of representing conflicting interests’ (Cardinale v Golinello, 43 NY2d 288, 296; see also, Code of Professional Responsibility Canon 9)” (Tekni-Plex, Inc. v Meyner & Landis, supra at 130 [emphasis added]). Code of Professional Responsibility DR 5-108 (a) (2) (22 NYCRR 1200.27 [a] [2]) specifically prohibits a lawyer who has represented a client in a matter from using any confidences or secrets of the former client.
Disqualification of counsel issues generally arise where an attorney represents a client in a pending litigation against an opposing party formerly represented by the attorney. The only precedent found by the undersigned Justice dealing with a purported conflict of interest between counsel for a party and a witness was a case involving a witness subpoenaed by one of the parties to testify at trial, decided by Justice LaMarca of the Nassau County Supreme Court. Justice LaMarca refused to disqualify the attorney upon finding that (1) there was no conflict of interest in that the attorney had represented the intended witness in a partition action which had no relation to the pending matrimonial action, and (2) disqualification of counsel on the ground of a conflict of interest with a witness subpoenaed on the eve of trial by an adverse party would allow *159 parties to a litigation to inappropriately manipulate the general policy favoring choice of counsel (see, Markowski v Markowski, 2001 NY Slip Op 40216[U]). With regard to the instant action, the affirmation submitted by Ms. Friedman, Esq. and the affidavit submitted by the husband have revealed (1) that Ms. Friedman, Esq. represented the court-appointed custody forensic expert in a divorce action in 1995, and (2) that said expert was arrested on more than one occasion in the mid-1990s for conduct relating to alleged domestic disputes. It is therefore reasonable to infer that the circumstances of said arrests could have been the subject of privileged communications between the expert and Ms. Friedman, Esq. In fact, Ms. Friedman, Esq.’s own affirmation points out that a conflict of interest exists.
The court finds that as Ms. Friedman, Esq.’s present client, the husband herein, has expressed his intent to discredit the expert’s opinion on the ground that the expert is subconsciously biased against police officers, it is clear that if she were required to cross-examine said expert, an appearance of a conflict of interest would exist, in that she could not vigorously pursue the husband’s claim of bias without using protected confidences imparted to her by the expert, her former client. This is not a case where a party has elected to subpoena a witness to testify at trial with the possible motive of disqualifying the adverse party’s attorney. Here, the witness in issue is a neutral expert appointed by the court, whose testimony is conceded to be crucial to the determination of the issue of custody; and the attorney whose disqualification is sought was retained after the completion of the forensic evaluation and the submission of the expert’s written report. Further, disqualification was sought promptly after the issue of a possible conflict of interest was brought to the court’s attention by the expert, and before the attorney in issue appeared at any proceeding before the court. Further, the children’s law guardian opposes any determination that would require his clients to submit to a new forensic evaluation. Under all these circumstances, the court disqualifies the law firm of Sari Friedman, P.C. from representing the husband in the above-captioned action (see, Matter of Shomron v Fuks, 286 AD2d 587; People v Mackey, 175 AD2d 346, lv denied 78 NY2d 969).
With regard to the husband’s claims of bias, the court finds his bald, conclusory beliefs to be insufficient grounds to disqualify the expert or to necessitate a pretrial hearing on the issue of bias (see, e.g. Bricker v Powers, 196 AD2d 696; *160 Rosenblitt v Rosenblitt, 107 AD2d 292). Any claims of bias may be adequately explored at trial on cross-examination.
Accordingly, the motion is granted and the cross motion is denied.