In the Matter of SCOTT HERALD, Respondent, v LEA HERALD, Appellant. In the Matter of LEA HERALD, Appellant, v SCOTT HERALD, Respondent. (Appeal No. 1.) [759 NYS2d 275] —Appeal from an order of Family Court, Erie County (Mix, J.), entered October 11, 2000, which granted sole custody of the child to Scott Herald and supervised visitation to Lea Herald.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Family Court did not abuse its discretion in denying the motion of Lea Herald (mother) to recuse itself in this custody matter. According to the mother, the court could not be fair because an article written by the child's maternal grandmother and published in the local newspaper was critical of the delays involved in litigating this matter. Here, the court addressed the subject matter of the article in open court, stating, inter alia, that the court had not in fact delayed the litigation. The court noted that the child's maternal grandmother was no longer a party to the litigation, and the court

stated that it was able to decide the case on its merits. "Where, as here, there is no allegation that recusal is statutorily required (*see,* Judiciary Law § 14), the matter of recusal is addressed to the discretion and personal conscience of the [judge] whose recusal is sought" (*Matter of Card v Siragusa,* 214 AD2d 1022, 1023 [1995]; *see Matter of Petkovsek v Snyder,* 251 AD2d 1086 [1998]).

We further reject the contention of the mother that the court erred in denying her motion to disqualify the Law Guardian. Although the mother sought disqualification on the ground that the Law Guardian might be called as a witness and thus that the advocate-witness rule would thereby be violated, she failed to meet her burden of establishing the necessity for that testimony (*see Martinez v Suozzi,* 186 AD2d 378 [1992]; *see generally Broadwhite Assoc. v Truong,* 237 AD2d 162 [1997]). In any event, the Law Guardian was not in fact called as a witness, and thus the advocate-witness rule was not implicated. Present—Pine, J.P., Wisner, Kehoe, Burns and Gorski, JJ.