■ Ilsa Kaye, Appellant, v Malcolm Kaye, Respondent. [784 NYS2d 47]—

Order, Supreme Court, New York County (Judith J. Gische, J.), entered June 23, 2003, which denied plaintiff's motion for a mistrial, for disqualification of defendant's counsel, the Law Guardian, the court's expert witness and defendant's expert witness, and for disgorgement of fees paid to certain witnesses, unanimously affirmed, without costs.

Plaintiff premised her application on her discovery of a Web site that contained the names, photographs and profiles of various matrimonial professionals holding themselves out as a "team" of experts available to the public at large to discuss legal, evaluative and procedural issues of divorce. Included on the "Legal Team" were defendant's counsel (Mr. Dobrish) and the attorney (Ms. Sloan) he proposed for the court's subsequent appointment as Law Guardian in this child custody case. Included on the Web site's "Parenting Team" was Dr. Herman, who was chosen by the court to provide a mental health forensic evaluation for the court; Dr. Hymowitz, who performed psychological testing at Dr. Herman's behest; and Dr. Kuckuk, whose appointment as defendant's expert on the issue of parental alienation was supported by the Law Guardian. (Dr. Hymowitz had been plaintiff's counsel's choice for appointment as the court's mental health expert.) As the motion court found, there was no basis on which to conclude that these professionals were obligated to disclose their involvement in the Web site. There was no indication that they had put up any capital or that they would profit financially or personally by other professionals' involvement in the entity such as might create the inference that they were in business together (cf. *Timberline R & G Bldg. Co. v Sigurjonsson*, 161 AD2d 947 [1990]). Nor was there any indication that they possessed confidential information about each other which might present conflicting interests in this case (see *Roundpoint v V.N.A., Inc.*, 207 AD2d 123, 125-126 [1995]); compare *Schairer v Schairer*, 192 Misc 2d 155 [2002]). Furthermore, plaintiff failed to point to any examples of known

biases or hostilities the doctors exhibited toward her which might warrant disqualification or condemnation (*cf. Rosenblitt v Rosenblitt*, 107 AD2d 292, 295 [1985]).

In any event, plaintiff had an opportunity, at the custody trial, to examine the neutrals in order to rule out any possibility of bias (*see Bricker v Powers*, 196 AD2d 696 [1993]). The value of a separate hearing with respect to these individuals is questionable. Insofar as the record reflects the forensic neutral made an inappropriate comment to plaintiff about borrowing money from her family, such would merely bear upon the weight of the evidence, and not result in automatic disqualification (*see Ira K. v Frances K.*, 115 AD2d 699, 702 [1985]). Concur—Tom, J.P., Sullivan, Lerner, Gonzalez and Catterson, JJ.