■ IRA ROGOVIN, Plaintiff, v PHILOMENA ROGOVIN, Defendant. THE PEOPLE OF THE STATE OF NEW YORK ex rel. PATRICIA MA-

GRATH, Appellant, v HYUNG SUP SONG, Respondent. JO ANN DOUGLAS, ESQ., as Law Guardian, Respondent. [812 NYS2d 41]—

Order, Supreme Court, New York County (Judith J. Gische, J.), entered on or about August 26, 2004, which, in a habeas corpus proceeding, insofar as appealed from as limited by the briefs, granted the Law Guardian's motion for 22 NYCRR part 130 costs against petitioner and her attorney to the extent of directing that petitioner and her attorney pay the Law Guardian reasonable attorneys' fees and expenses of $5,175, and denied petitioner's cross motion to disqualify the Law Guardian, unanimously modified, on the law and the facts, to vacate the award of sanctions insofar as imposed against petitioner, and otherwise affirmed, without costs. The Law Guardian's request for 22 NYCRR part 130 costs and sanctions incurred on the appeal is granted to the extent of awarding her the actual expenses and reasonable attorneys' fees she incurred in making her first motion to strike petitioner's record and brief and in preparing her appendix, to be paid by petitioner's attorney, and the matter remanded for a hearing to determine the amounts of such fees and expenses.

Petitioner's attorney's failure in the custody proceeding to inform Family Court that the very relief he was seeking therein—an injunction against respondent's removing the subject child from the State of New York—had been denied, both by Supreme Court and this Court, in this Supreme Court habeas corpus proceeding he had also initiated on behalf of petitioner, was a sanctionable materially false factual statement (22 NYCRR 130-1.1 [c] [3]). The omission was compounded by the attorney's assertion in opposition to the Law Guardian's motion for sanctions that he had verbally informed Family Court of the prior applications, which assertion was proven false by the transcript of the Family Court proceedings submitted with the Law Guardian's reply. The intent to protect a child does not justify a lack of candor with the court. However, as the sanction-

able conduct was committed only by petitioner's attorney, petitioner herself should not be held accountable, and, although such relief is not specifically requested, we vacate the sanction to the extent it was imposed against petitioner.

No basis exists to disqualify the Law Guardian, who, having determined that the child is unimpaired in accordance with local standards, has throughout properly acted as the child's advocate in urging retention of the custodial status quo, rather than as an aide to the court in determining the child's best interests (Family Ct Act § 241; *see Matter of Albanese v Lee*, 272 AD2d 81 [2000]; Law Guardian Definition and Standards, State of New York Unified Court System, Statewide Administrative Judge for Matrimonial Matters). Nor does petitioner establish her claims that the Law Guardian's testimony as a fact witness will be necessary in the pending custody proceeding (*see Matter of Herald v Herald*, 305 AD2d 1080, 1081 [2003]). Again, argument from the Law Guardian in support of the child's stated preferences is to be expected.

Finally, the record filed by petitioner's attorney was so deficient as to amount to frivolous conduct (22 NYCRR 130-1.1 [c] [3]). Accordingly, we award the Law Guardian her actual expenses and reasonable attorneys' fees incurred, as indicated. Concur—Saxe, J.P., Gonzalez, Catterson, McGuire and Malone, JJ.