■ KAREN KOSOVSKY, Respondent, v KENNETH ZAHL, Appellant. [859 NYS2d 442]—

Order, Supreme Court, New York County (Laura Visitacion-Lewis, J.), entered December 3, 2007, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion to consolidate this action and the Family Court action *Kenneth Zahl v Karen Ann Kosovsky* (V10746-07), and order, same court and Justice, entered December 12, 2007, which, to the extent appealed from as limited by the briefs, granted Jo Ann Douglas, Esq.'s motion for reappointment as attorney for the parties' child, unanimously affirmed, without costs.

Given the extensive prior proceedings in the Supreme Court regarding visitation, child support and disqualification of the child's attorney, the Supreme Court properly determined to exercise its concurrent jurisdiction with the Family Court (*see* NY Const, art VI, § 7 [a]) by transferring defendant's Family Court petition for, inter alia, visitation and disqualification of the child's attorney to the Supreme Court and consolidating it with plaintiff's related child support and visitation action (*see* CPLR 602 [b]; *Schneider v Schneider*, 127 AD2d 491, 494-495 [1987], *affd* 70 NY2d 739 [1987]).

The court properly reappointed Jo Ann Douglas, Esq. as the child's attorney. The record indicates that Douglas "properly acted as the child's advocate . . . rather than as [a neutral] aide to the court in determining the child's best interests" (*Rogovin v Rogovin*, 27 AD3d 233, 235 [2006]; *see* Family Ct Act § 249

[b]). There was no indication of a conflict of interest or hostility toward defendant (*see Kaye v Kaye*, 11 AD3d 392, 393-394 [2004]). Nor was there any indication that Douglas would be called as a witness or that her testimony was necessary (*see Rogovin* at 235).

The court properly ordered a *Lincoln* hearing to obtain "an honest expression of the child's desires and attitudes" with respect to reestablishing contact or visitation with defendant (*Matter of Lincoln v Lincoln*, 24 NY2d 270, 271-272 [1969]). Given the child's previous accusations of inappropriate conduct by defendant and the fact that she was soon to take important examinations, the court properly scheduled the hearing for after the examinations and precluded defendant from contacting the child until after the hearing. Concur—Tom, J.P., Mazzarelli, Gonzalez, Sweeny and DeGrasse, JJ.