OPINION OF THE COURT
Per Curiam.
The Grievance Committee for the Tenth Judicial District (hereinafter the Grievance Committee) served the respondent with a petition dated June 27, 2007, containing six charges of professional misconduct. After a pretrial conference on January '23, 2008 and a hearing on July 30, 2008, limited to the issue of mitigation, the Special Referee sustained all six charges. The Grievance Committee moves to confirm the Special Referee’s report and to impose such discipline upon the respondent as the Court deems just and proper. The respondent’s counsel has submitted an affirmation in response to the Grievance Committee’s'motion to confirm which also seeks to confirm the Special Referee’s report and to remit this matter to the Grievance Committee for the Tenth Judicial District for the imposition of a private sanction.
Charge one alleges that the respondent knowingly made false statements of fact by: (a) failing to advise the Family Court, New York County, that the relief he was seeking had previously been denied by both the Supreme Court, New York County, and the Appellate Division, First Department, and (b) falsely asserting before the Supreme Court, New York County, in an affirmation in opposition to a motion for the imposition of sanctions, that he had verbally informed the Family Court, New York County, of the prior applications and determinations, in violation of Code of Professional Responsibility DR 7-102 (a) (5) (22 NYCRR 1200.33 [a] [5]).
The respondent represented Patricia McGrath, the maternal aunt of an infant referred to as SER. In or about June 2004, the respondent filed a writ of habeas corpus on behalf of his client to enjoin the legal custodian of SER from removing the child from the State of New York pending a hearing on the writ. On June 14, 2004, the Honorable Judith J. Gische, Supreme Court, *249 New York County, heard from the respondent, the legal custodian, Soo Song, and the attorney assigned to represent SER with respect to the writ.
Justice Gische denied the writ, making findings on the record, and issued a written order dated June 14, 2004, finding no legal basis to prohibit the child from summer travel to Korea with the legal custodian. The court found no basis for the respondent’s belief that SER would not be returning to the United States.
The respondent filed a motion for interim relief with the Appellate Division, First Department, dated June 23, 2004, seeking to stay the removal of SER from the jurisdiction of the court until a determination of the appeal was rendered. The attorney for the child opposed that motion. The Appellate Division, First Department, denied the application for interim relief. Immediately after receiving that order on June 24, 2004, the respondent filed an order to show cause with the Family Court, New York County, seeking an order prohibiting the removal of SER from New York until further order of the Family Court. Along with that order to show cause, the respondent submitted a petition for custody, verified June 23, 2004. In those papers, the respondent failed to disclose the court orders denying the injunctive relief sought and authorizing SER to travel. Nor did the respondent disclose the denial by the Appellate Division, First Department, of a stay of the removal of the infant from New York.
On June 24, 2004, the matter was heard before Family Court Judge Gloria Sosa-Lintner. The attorney for the child had not been served with the order to show cause and was not present during the Family Court proceedings. During the course of those proceedings, the respondent failed to inform the Family Court that the Supreme Court, New York County, and the Appellate Division, First Department, had previously denied the same relief as that being sought in the Family Court. During the Family Court proceedings, the respondent made comments to the effect that Justice Gische was not interested in the writ, was not very amenable to his claim that it was within the child’s best interests to remain in this country, and had directed him to go to Family Court. The Family Court signed the order to show cause on June 24, 2004, granting the respondent’s application for an order prohibiting SER from being removed from New York State until further order of that court.
The attorney for the child submitted an order to show cause dated June 27, 2004, to the Honorable Judith J. Gische in the *250 Supreme Court, New York County, seeking a stay of the Family Court order of June 24, 2004, and permitting SER to travel as previously ordered by the Supreme Court, New York County, and the Appellate Division, First Department. The attorney for the child further sought the imposition of sanctions against the respondent and his client pursuant to 22 NYCRR part 130, alleging that the fees of the attorney for the child should be assessed as a sanction due to the respondent’s failure to advise the Family Court of the previous orders. Justice Gische granted so much of the application of the attorney for the child as sought to stay the Family Court proceeding and to permit SER to travel. The request for the imposition of sanctions was not addressed at that time.
The respondent opposed so much of the order to show cause of the attorney for the child as sought sanctions claiming that he had fully explained the history of the writ of habeas corpus and its subsequent denial, as well as the Appellate Division’s denial of his request for interim relief.
In a decision and order dated August 13, 2004, Justice Gische ruled that the respondent and his client had engaged in sanctionable conduct by commencing the Family Court action. Since the relief sought had already been denied, the Family Court action was without basis in law and was precluded by basic rules of res judicata and collateral estoppel. Justice Gische further ruled that even merely making the application warranted the imposition of sanctions. In addition, the respondent’s sanction-able behavior was compounded by his lack of candor in the ex parte proceeding before the Family Court judge.
By decision and order of the Supreme Court, New York County, dated August 13, 2004, the respondent and his client were sanctioned the sum of $5,000 for the fees of the attorney for the child and the sum of $175 for disbursements. The respondent appealed.
By order dated March 7, 2006, the Appellate Division, First Department, affirmed so much of the decision and order as imposed a sanction upon the respondent and remitted the matter to the Supreme Court, New York County, to determine the amount of the sanction. The court held that “[t]he intent to protect a child does not justify a lack of candor with the court.” (Rogovin v Rogovin, 27 AD3d 233, 234 [2006].) It vacated the sanctions imposed on the client, ruling that the sanctionable conduct was committed only by the respondent.
Charge two alleges that the respondent knowingly made materially false statements by: (a) failing to advise the Family *251 Court, New York County, that the relief he was seeking had previously been denied by both the Supreme Court, New York County, and the Appellate Division, First Department, and (b) falsely asserting before the Supreme Court, New York County, in an affirmation in opposition to a motion for sanctions, that he had verbally informed the Family Court, New York County, of the prior applications and determinations, in violation of 22 NYCRR 130-1.1 (c) (3), based on the factual specifications of charge one.
Charge three alleges that the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation, in violation of Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]), based on the factual specifications of charge one.
Charge four alleges that the respondent engaged in frivolous conduct in that he filed a deficient record on an appeal before the Appellate Division, First Department, in violation of 22 NYCRR 130-1.1 (c) (3).
The respondent filed an appellate brief and accompanying record on appeal, dated May 26, 2005, with the Appellate Division, First Department, which omitted the following documents:
(1) the order of the Supreme Court, New York County, dated October 9, 2003, granting Soo Song custody of SER;
(2) the writ of habeas corpus, dated June 10, 2004, filed by the respondent with the Supreme Court, New York County;
(3) a complete copy of the transcript of the Supreme Court proceedings held on June 14, 2004;
(4) the order of the Supreme Court, New York County, dated June 14, 2004;
(5) the notice of motion for interim relief dated June 23, 2004, filed with the Appellate Division, First Department, and
(6) the order of the Appellate Division, First Department, dated June 24, 2006 [sic].
By motion dated June 6, 2005, the attorney for the child moved, inter alia, to strike the respondent’s appellate brief and record for failure to include the “full, necessary record” and for the imposition of a sanction against the respondent for willfully misleading the court with an insufficient record on appeal.
By order of the Appellate Division, First Department, dated July 7, 2005, the respondent’s appellate brief and record dated May 26, 2005 were stricken, with leave to file another brief and record. The attorney for the child’s application for *252 the imposition of a sanction was denied with leave to raise the issue on appeal.
On or about September 6, 2005, the respondent filed another appellate brief and record on appeal with respect to the decision and order of the Supreme Court, New York County, dated August 13, 2004. By order dated March 7, 2006, the Appellate Division, First Department ruled that the record filed by the respondent was so deficient as to amount to frivolous conduct and granted the request of the attorney for the child, pursuant to 22 NYCRR part 130, for the imposition of a sanction and an award of costs incurred on the appeal to the extent of awarding her actual expenses and reasonable attorney’s fees incurred in making her motion to strike and in preparing her appendix.
Charge five alleges that the respondent engaged in conduct prejudicial to the administration of justice, in violation of Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]), based on the factual specifications alleged in charges one and four.
Charge six alleges that the respondent engaged in conduct that adversely reflects on his fitness as a lawyer, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]), based on the allegations set forth in charges one and four.
Based on the doctrine of collateral estoppel, the Special Referee properly sustained all six charges of professional misconduct contained in the petition. Accordingly, the motion to confirm the Special Referee’s report is granted.
In determining an appropriate measure of discipline to impose, the Grievance Committee notes that the respondent previously received a letter of caution dated September 25, 2006, warning him to refrain from including nonrefundable retainer fee provisions in his retainer agreements. In addition, he was cautioned to refrain from using language which suggested, even inadvertently, that a return of a retainer fee was conditioned upon the client’s withdrawal of a grievance.
By way of mitigation, the respondent submits that he has accepted full responsibility for his actions, which were not the product of self-dealing, that he has persuasively expressed his regret, shame, and remorse, that the actions under review involved only one case out of a long and distinguished career lasting over 23 years, and that his misconduct dates back to 2004, which was a particularly low point in his life due to a *253 severe medical condition. The respondent has since been diagnosed with chronic inflammatory demyelinating polyneuropathy, a chronic condition of no known origin or cure which causes the autoimmune system to attack the peripheral nervous system and has destroyed a large part of it. According to the respondent, his symptoms included agonizing backaches and weaknesses in his arms and legs. He experienced these symptoms when he was representing Patricia McGrath. In addition, he experienced chronic exhaustion.
The Grievance Committee notes that the respondent has offered no evidence that his illness caused him to issue false statements of fact to the courts, to fail to advise the Family Court of prior decisions of other courts, to engage in conduct involving dishonesty, fraud, deceit, or misrepresentation, or to engage in frivolous conduct by filing a deficient record on appeal.
The Special Referee offered the observation that the respondent’s misconduct was apparently unrelated to self-dealing but was more likely attributable to an overly zealous series of actions designed to achieve his client’s objective.
Under the totality of the circumstances, the respondent is suspended from the practice of law for a period of three years.
Prudenti, P.J., Mastro, Rivera, Spolzino and Skelos, JJ., concur.
Order that the Grievance Committee’s motion to confirm the Special Referee’s report is granted; and it is further,
Ordered that the respondent, Fredrick Klarer, is suspended from the practice of law for a period of three years, commencing September 25, 2009, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the three-year period upon furnishing satisfactory proof that during that period he (1) refrained from practicing or attempting to practice law, (2) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10), (3) complied with the applicable provisions of 22 NYCRR 691.11 (c) (2), and (4) otherwise properly conducted himself; and it is further,
Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Fredrick Klarer, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or *254 employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
Ordered that if the respondent, Fredrick Klarer, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent, Fredrick Klarer, shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).