■ GETTY PROPERTIES CORP. et al., Respondents, v GETTY PETROLEUM MARKETING INC., Defendant, and 1314 SEDGWICK AVE. LLC et al., Appellants. [982 NYS2d 749]—

Judgment, Supreme Court, New York County (Melvin Schweitzer, J.), entered July 23, 2013, inter alia, awarding plaintiffs $260,657.58, plus interest to be paid from funds held

in escrow, awarding $10,000 in sanctions against the LLC defendants and Robert G. Del Gadio jointly, directing that a hearing be conducted to ascertain plaintiffs' damages, expenses and attorneys' fees, and enjoining defendants or any attorney acting on their behalf from making any motions or commencing any action in any court relating to the subject matter of this litigation without prior approval of the court, unanimously affirmed, without costs, and the matter is remitted to Supreme Court for further proceedings consistent herewith. Appeals from order, same court and Justice, entered June 17, 2013, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

In this action for, inter alia, use and occupancy, contractual indemnification, and breach of guarantee, the motion court properly granted summary judgment to plaintiffs in light of this Court's resolution of the issues on a prior appeal (*see Getty Props. Corp. v Getty Petroleum Mktg. Inc.*, 106 AD3d 429 [1st Dept 2013]). To the extent that some of defendants' claims were not resolved on the prior appeal, the motion court properly rejected them.

The record filed by defendants' attorney was so deficient as to amount to frivolous conduct (*see* 22 NYCRR 130-1.1 [c] [3]; *Rogovin v Rogovin*, 27 AD3d 233 [1st Dept 2006]). By order entered December 12, 2013, we granted plaintiffs leave to file a supplemental appendix without prejudice to seeking costs and/or sanctions directly on the appeal. We remit the matter to Supreme Court to determine plaintiffs' actual expenses of printing the supplemental appendix (*see* CPLR 5528 [e]; *Fidelity N.Y. v Madden*, 212 AD2d 572, 573-574 [2d Dept 1995]; *Mandell v Grosfeld*, 65 AD2d 743 [1st Dept 1978]), as well as reasonable attorneys' fees incurred in connection with plaintiffs' motion to dismiss the appeal for the deficient appendix (*see* 22 NYCRR 130-1.1 [c] [3]; *Rogovin*, 27 AD3d at 235).

Finally, there is no reason to disturb the aforementioned sanctions. Concur—Acosta, J.P., Renwick, Feinman and Clark, JJ.