SUPREME COURT OF THE STATE OF NEW YORK
*Appellate Division, Fourth Judicial Department*

907
CAF 14-01583
PRESENT: SCUDDER, P.J., SMITH, CENTRA, PERADOTTO, AND CARNI, JJ.

---

IN THE MATTER OF CRAIG PROCOPIO,
PETITIONER-RESPONDENT,

V                                          MEMORANDUM AND ORDER

KELLY PROCOPIO, RESPONDENT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (KRISTEN N. MCDERMOTT OF COUNSEL), FOR RESPONDENT-APPELLANT.

GERMAIN & GERMAIN, LLP, SYRACUSE (GALEN F. HAAB OF COUNSEL), FOR PETITIONER-RESPONDENT.

LISA M. FAHEY, ATTORNEY FOR THE CHILDREN, EAST SYRACUSE.

-------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Onondaga County (Martha E. Mulroy, A.J.), entered June 18, 2014 in a proceeding pursuant to Family Court Act article 6. The order, among other things, awarded petitioner Craig Procopio sole custody of the subject children and directed that respondent Kelly Procopio's visitation with the children be supervised.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: In this proceeding pursuant to Family Court Act article 6, respondent mother appeals from an order modifying the parties' existing custody/visitation arrangement by directing that she have supervised visitation with the parties' children. "Courts have broad discretion in determining whether visits should be supervised" (*Matter of Campbell v January*, 114 AD3d 1176, 1177, *lv denied* 23 NY3d 902), and that determination "will not be disturbed as long as there is a sound and substantial basis in the record to support it" (*Matter of Chilbert v Soler*, 77 AD3d 1405, 1406, *lv denied* 16 NY3d 701 [internal quotation marks omitted]). Here, Supreme Court's determination to impose supervised visitation is supported by a sound and substantial basis in the record. The record establishes that the mother, who struggled with substance abuse and various mental health issues, including bipolar disorder, had difficulty controlling her reactive behavior, which largely consisted of verbal abuse and inappropriate text messages and included some physical abuse. As a result, she engaged in erratic and abusive behavior toward the children, who struggled emotionally and required counseling. The mother's therapist testified that the mother's relationship with the

children and her visitation with them was a trigger for her reactive behavior, and that supervised visitation was appropriate in order to provide the stability and consistency that the mother needed as she continued to work on her mental health issues (*see Matter of Green v Bontzolakes*, 111 AD3d 1282, 1284; *Matter of Westfall v Westfall*, 28 AD3d 1229, 1229-1230, *lv denied* 7 NY3d 706; *Matter of Simpson v Simrell*, 296 AD2d 621, 621-622).

We reject the mother's contention that the court abused its discretion in relying on the testimony of the children's counselor because she was not qualified as an expert and admitted that she was biased. The counselor was permitted to testify as a fact witness, and "[w]e give due deference to the factual findings of [the court], which had the opportunity to observe the [counselor] and assess [her] credibility" (*Matter of Mikolinski v Farnsworth*, 249 AD2d 956, 956, *lv denied* 92 NY2d 807).

The mother further contends that the court erred in ordering that visitation be supervised by the Children's Consortium or the Salvation Army due to financial and safety concerns. Contrary to the mother's contention, the order permitted the parties to use any other "comparable supervised visitation program," and thus the parties were not required to use the Children's Consortium or the Salvation Army for supervised visitation. We note in any event that the record establishes that it is in the children's best interests to continue supervised visitation at one of those facilities (*see Matter of Brown v Gandy*, 125 AD3d 1389, 1390). The mother's contention that the court erred in ordering that some visitation be supervised by her family is belied by the record. The mother's brother testified that he was not opposed to the mother bringing the children when she visited him every week or two and that the maternal grandfather was available to supervise visitation in his home as well.

Finally, we reject the mother's contention that the court erred in ordering her to refrain from sending text messages to the children. "[T]he evidence in the record supports a determination that . . . [prohibiting text messaging] contact with the [mother] would be in the children's best interests" (*Matter of Fletcher v Fletcher*, 29 AD3d 908, 909; *see Matter of Shockome v Shockome*, 53 AD3d 618, 619, *lv denied* 11 NY3d 712), and she was not precluded from communicating with the children in any other manner (*cf. Posporelis v Posporelis*, 41 AD3d 986, 991).

Entered: October 2, 2015

Frances E. Cafarell
Clerk of the Court