With respect to appeal No. 1, however, we agree with the mother that Family Court erred in adopting the JHO's report to dismiss the family offense petition without providing the parties with notice of the filing of the report and affording them an opportunity to object to it (*see* 22 NYCRR 202.44 [a]; *Matter of Witzigman v Witzigman*, 132 AD3d 1426, 1427 [2015]; *Matter of Wilder v Wilder*, 55 AD3d 1341, 1341 [2008]). "The record establishes that the [JHO] was authorized only to hear the matter and issue a report inasmuch as the mother did not consent to the referral to the [JHO] for a final determination on [her] petition" (*Witzigman*, 132 AD3d at 1427). We therefore reverse the order in appeal No. 1, reinstate the petition, and remit the matter to Family Court for compliance with 22 NYCRR 202.44 (*see id.*). Present—Centra, J.P., Peradotto, Lindley, DeJoseph and Scudder, JJ.

In the Matter of ROSE M. GIBSON, Appellant, v THOMAS W. MURTAUGH, JR., Respondent. (Appeal No. 2.) [26 NYS3d 893]—Appeal from an order of the Family Court, Herkimer County (Anthony J. Garramone, J.H.O.), entered November 19, 2014 in a proceeding pursuant to Family Court Act article 6. The order dismissed the petition alleging a violation of an order of visitation.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Same memorandum as in *Matter of Gibson v Murtaugh* ([appeal No. 1] 137 AD3d 1574 [2016]). Present—Centra, J.P., Peradotto, Lindley, DeJoseph and Scudder, JJ.

In the Matter of THOMAS W. MURTAUGH, JR., Respondent, v ROSE M. GIBSON, Appellant. In the Matter of ROSE M. GIBSON, Appellant, v THOMAS W. MURTAUGH, JR., Respondent. (Appeal No. 3.) [26 NYS3d 893]—Appeal from an order of the Family Court, Herkimer County (Anthony J. Garramone, J.H.O.), entered November 19, 2014 in a proceeding pursuant to Family Court Act article 6. The order granted Thomas W. Murtaugh, Jr. sole custody of the parties' children.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Same memorandum as in *Matter of Gibson v Murtaugh* ([appeal No. 1] 137 AD3d 1574 [2016]). Present—Centra, J.P., Peradotto, Lindley, DeJoseph and Scudder, JJ.

In the Matter of ROSE M. GIBSON, Appellant, v THOMAS W. MURTAUGH, JR., Respondent. (Appeal No. 4.) [26 NYS3d 894]—

Appeal from an order of the Family Court, Herkimer County (Anthony J. Garramone, J.H.O.), entered November 19, 2014 in a proceeding pursuant to Family Court Act article 6. The order dismissed the petition alleging a violation of an order of visitation.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Same memorandum as in *Matter of Gibson v Murtaugh* ([appeal No. 1] 137 AD3d 1574 [2016]). Present—Centra, J.P., Peradotto, Lindley, DeJoseph and Scudder, JJ.

■ In the Matter of DENNIS T. BROWN, Holder of 25% of All Outstanding Shares of LOGISTIC DYNAMICS, INC., Appellant, v BRIAN MAOUAD et al., Respondents. [26 NYS3d 894]—Appeal from an order of the Supreme Court, Erie County (Timothy J. Walker, A.J.), entered December 26, 2014. The order, among other things, dismissed the petition.

Now, upon the stipulation of dismissal and discontinuance signed by the attorneys for the parties on January 15 and 25, 2016, and filed in the Erie County Clerk's Office on February 8, 2016,

It is hereby ordered that said appeal is unanimously dismissed without costs upon stipulation. Present—Centra, J.P., Peradotto, Lindley, DeJoseph and Scudder, JJ.

■ ANTHONY JOSEPH ALATI, Respondent, v DIVIN BUILDERS, INC., Appellant, and MICHAEL FRIERY, Doing Business as VIPER SIDING, Respondent, et al., Defendants. [27 NYS3d 747]—

Appeal from an order of the Supreme Court, Monroe County (Ann Marie Taddeo, J.), entered January 20, 2015. The order granted plaintiff's motion for partial summary judgment and denied the cross motion of defendant Divin Builders, Inc. for summary judgment dismissing the complaint against it.

It is hereby ordered that the order so appealed from is unanimously modified on the law by granting those parts of the cross motion of defendant Divin Builders, Inc. for summary judgment dismissing plaintiff's common-law negligence and Labor Law §§ 200 and 241 (6) causes of action against it except insofar as the section 241 (6) cause of action is based on the alleged violation of 12 NYCRR 23-1.21 (b) (1) and (3) (iv), and