# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**75**

**CAF 14-02044**

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, DEJOSEPH, AND SCUDDER, JJ.

---

IN THE MATTER OF ROSE M. GIBSON,
PETITIONER-APPELLANT,

V                                              MEMORANDUM AND ORDER

THOMAS W. MURTAUGH, JR.,
RESPONDENT-RESPONDENT.
(APPEAL NO. 1.)

---

TRACY L. PUGLIESE, CLINTON, FOR PETITIONER-APPELLANT.

JOHN J. RASPANTE, UTICA, FOR RESPONDENT-RESPONDENT.

PETER J. DIGIORGIO, JR., ATTORNEY FOR THE CHILDREN, UTICA.

---

Appeal from an order of the Family Court, Herkimer County (John J. Brennan, J.), entered October 16, 2014 in a proceeding pursuant to Family Court Act article 8. The order dismissed the family offense petition.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the petition is reinstated, and the matter is remitted to Family Court, Herkimer County, for compliance with 22 NYCRR 202.44.

Memorandum: In appeal No. 1, petitioner-respondent mother appeals from an order that dismissed her family offense petition brought pursuant to Family Court Act article 8 against respondent-petitioner father. In appeal Nos. 2, 3, and 4, the mother appeals from orders that, among other things, denied her petitions brought pursuant to Family Court Act article 6 seeking custody of the subject children, and granted the father's petitions to modify a prior order by directing that the mother's visitation be supervised.

We first address appeal Nos. 2, 3, and 4, which concern custody and visitation. The mother failed to preserve for our review her contention that the Judicial Hearing Officer (JHO) erred in admitting in evidence medical records concerning her mental health. Contrary to the mother's further contention, the father established a sufficient change in circumstances to warrant inquiry into whether the prior order should be modified, and the JHO's determination that it was in the children's best interests to impose supervised visitation is supported by a sound and substantial basis in the record. The hearing evidence established, among other things, that the mother's mental

health issues resulted in several incidents of erratic behavior that negatively affected the children and jeopardized their well-being, and that the mother failed to adequately address those issues (*see Matter of Procopio v Procopio*, 132 AD3d 1243, 1244, *lv denied* 26 NY3d 915; *Matter of Westfall v Westfall*, 28 AD3d 1229, 1230, *lv denied* 7 NY3d 706).

We reject the mother's contention that the JHO abused his discretion in denying her motion for recusal. " 'Where, as here, there is no allegation that recusal is statutorily required . . . , the matter of recusal is addressed to the discretion and personal conscience of the [JHO] whose recusal is sought' " (*Matter of Herald v Herald*, 305 AD2d 1080, 1081; *see Silber v Silber*, 84 AD3d 931, 932). The mother's "allegations of bias are too speculative to warrant the conclusion that the [JHO] abused [his] discretion in refusing to recuse [himself] here" (*Matter of Jason A.C. v Lisa A.C.*, 30 AD3d 1110, 1111 [internal quotation marks omitted]; *see Matter of Owens v Garner*, 63 AD3d 1585, 1586).

With respect to appeal No. 1, however, we agree with the mother that Family Court erred in adopting the JHO's report to dismiss the family offense petition without providing the parties with notice of the filing of the report and affording them an opportunity to object to it (*see* 22 NYCRR 202.44 [a]; *Matter of Witzigman v Witzigman*, 132 AD3d 1426, 1427; *Matter of Wilder v Wilder*, 55 AD3d 1341, 1341). "The record establishes that the [JHO] was authorized only to hear the matter and issue a report inasmuch as the mother did not consent to the referral to the [JHO] for a final determination on [her] petition" (*Witzigman*, 132 AD3d at 1427). We therefore reverse the order in appeal No. 1, reinstate the petition, and remit the matter to Family Court for compliance with 22 NYCRR 202.44 (*see id.*).

Entered: March 18, 2016                                    Frances E. Cafarell
                                                          Clerk of the Court