Matter of Faes v Coulson (2026 NY Slip Op 01674)

Matter of Faes v Coulson

2026 NY Slip Op 01674

Decided on March 20, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 20, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CURRAN, J.P., MONTOUR, SMITH, OGDEN, AND DELCONTE, JJ.

187 CAF 24-01634

[*1]IN THE MATTER OF ANTHONY FAES, PETITIONER-RESPONDENT-RESPONDENT,
vSTEPHANIE COULSON, RESPONDENT-PETITIONER-APPELLANT. 

LAW OFFICE OF VERONICA REED, SCHENECTADY (VERONICA REED OF COUNSEL), FOR RESPONDENT-PETITIONER-APPELLANT.
FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (RYAN M. BERGMAN OF COUNSEL), FOR PETITIONER-RESPONDENT-RESPONDENT. 
WALTER BURKARD, MANLIUS, ATTORNEY FOR THE CHILD. 

 Appeal from an order of the Family Court, Onondaga County (Salvatore Pavone, R.), entered May 6, 2024, in a proceeding pursuant to Family Court Act article 6. The order, among other things, awarded petitioner-respondent sole legal custody of the subject child with supervised parenting time for respondent-petitioner "as the parties mutually agree." 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by vacating those parts of the third and fourth ordering paragraphs directing that supervised parenting time and supervised parenting time in a therapeutic setting are awarded to respondent-petitioner "as the parties mutually agree" and as modified the order is affirmed without costs and the matter is remitted to Family Court, Onondaga County, for further proceedings in accordance with the following memorandum: In this proceeding pursuant to Family Court Act article 6, respondent-petitioner mother appeals from an order that, inter alia, awarded petitioner-respondent father sole custody of the subject child, with supervised parenting time, and supervised parenting time in a therapeutic setting, to the mother "as the parties mutually agree."
Initially, the mother contends that Family Court erred in disclosing information that the child shared during the Lincoln hearing. To the extent that the court improperly disclosed some of the child's statements at the Lincoln hearing (see Kaleta v Kaleta, 225 AD3d 1293, 1295 [4th Dept 2024]; Matter of Carter v Work, 100 AD3d 1557, 1558 [4th Dept 2012]), we conclude that the error does not justify disturbing the court's determination here (see Carter, 100 AD3d at 1558; see also Matter of John M. v Tashina N., 218 AD3d 935, 938-939 [3d Dept 2023]).
We further reject the mother's contention that the court erred in requiring that her parenting time be supervised. "Courts have broad discretion in determining whether visits should be supervised" (Matter of Muriel v Muriel, 228 AD3d 1345, 1347 [4th Dept 2024] [internal quotation marks omitted]; see Matter of Campbell v January, 114 AD3d 1176, 1177 [4th Dept 2014], lv denied 23 NY3d 902 [2014]), and that determination "will not be disturbed as long as there is a sound and substantial basis in the record to support it" (Matter of Procopio v Procopio, 132 AD3d 1243, 1244 [4th Dept 2015], lv denied 26 NY3d 915 [2015] [internal quotation marks omitted]). Here, the court's determination to impose supervised parenting time is supported by a sound and substantial basis in the record. Indeed, the record establishes that "unsupervised [parenting time] would be detrimental to the child's safety because the [mother] is either unable or unwilling to discharge . . . her parental responsibility properly" (Matter of Tara DD. v Seth CC., 214 AD3d 1031, 1034 [3d Dept 2023] [internal quotation marks omitted]). Specifically, among other things, we note that the mother made numerous unfounded reports to child protective services, refused to cooperate in the ensuing investigations, behaved aggressively toward the child on occasion, tried to control and interfere with the child's communications with [*2]both the father and the Attorney for the Child who represented the child at trial, and refused to cooperate with the father when concerns arose over the child's mental health and potential expression of suicidal ideation. In other words, supervised parenting time was warranted here, inasmuch as the foregoing established that the mother lacked insight into how her behavior harmed the child (see Matter of Watson v Maragh, 156 AD3d 801, 802-803 [2d Dept 2017]; Matter of Opalka v Skinner, 81 AD3d 1005, 1008 [3d Dept 2011]).
Finally, we agree with the mother that the court should have set a schedule for the mother's parenting time rather than ordering parenting time as agreed upon by the parties "inasmuch as the record demonstrates that an order directing supervised [parenting time] as mutually agreed by the parties would be untenable under the circumstances" (Matter of Edmonds v Lewis, 175 AD3d 1040, 1043 [4th Dept 2019], lv denied 34 NY3d 909 [2020]; see Matter of D.T. v C.T., 215 AD3d 1232, 1234 [4th Dept 2023]; see generally Matter of Kelley v Fifield, 159 AD3d 1612, 1613-1614 [4th Dept 2018]). We therefore modify the order accordingly and remit the matter to Family Court to fashion an appropriate schedule for the mother's supervised parenting time and supervised parenting time in a therapeutic setting in accordance with the best interests of the child.
Entered: March 20, 2026
Ann Dillon Flynn
Clerk of the Court