■ In the Matter of JADWIGA JANCZUK, Appellant-Respondent, v JOLANTA JANCZUK, Respondent-Appellant. [760 NYS2d 222] —In a child custody proceeding pursuant to Family Court Act article 6, the petitioner grandmother appeals, as limited by her brief, from so much of an order of the Family Court, Kings County (Freeman, J.), dated May 18, 2001, as vacated an order of the same court dated June 19, 1996, granting her visitation, and as, in effect, denied her petition for custody of her grandson and dismissed the proceeding, and the mother cross-appeals from so much of the same order as held her in civil contempt of court for failure to comply with a prior order of the court.

Ordered that the order is modified, on the law, by deleting

the provision thereof holding the mother in civil contempt of court; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

A biological parent may not be deprived of custody "absent surrender, abandonment, persisting neglect, unfitness or other like extraordinary circumstances" (*Matter of Bennett v Jeffreys,* 40 NY2d 543, 544 [1976]). The petitioner grandmother failed to make a threshold showing of the existence of extraordinary circumstances and, therefore, the Family Court properly, in effect, denied her petition for custody and dismissed the proceeding (*see Matter of Kreger v Newell,* 221 AD2d 630 [1995]; *People ex rel. Zayas v Rudish,* 194 AD2d 577 [1993]).

The Family Court also properly vacated the visitation order which was previously entered on consent in light of the extremely acrimonious and dysfunctional relationship between the petitioner grandmother and the mother, which had an emotionally traumatic effect on the child (*see Matter of DiBerardino v DiBerardino,* 229 AD2d 539 [1996]; *Matter of Gloria R. v Alfred R.,* 209 AD2d 179 [1994]).

The Family Court erred in holding the mother in civil contempt without conducting an evidentiary hearing (*see Harvey v Blumenstein,* 285 AD2d 581 [2001]; *Mulder v Mulder,* 191 AD2d 541 [1993]). However, under the circumstances of this case, since the Family Court declined to punish the mother for her contempt upon determining that there was no appropriate sanction to be imposed and dismissed the underlying custody proceeding, there is no purpose in remitting the matter for a hearing.

It is unnecessary to address the mother's remaining contention in light of our determination. Altman, J.P., McGinity, Luciano and H. Miller, JJ., concur.