■ In the Matter of SANDRA L. FLETCHER, Appellant, v DEVON FLETCHER et al., Respondents. [815 NYS2d 269]—

In a proceeding pursuant to Family Court Act article 6 for grandparent visitation, the maternal grandmother appeals from an order of the Family Court, Queens County (Clark, J.), dated December 16, 2003, which, after a hearing, dismissed her petition.

Ordered that the order is reversed, on the law, without costs or disbursements, the petition is reinstated, and the matter is remitted to the Family Court, Queens County, for further proceedings in accordance herewith, including a determination as to whether supervised visitation in New York and limited telephone contact with the petitioner would be in the children's best interests.

Contrary to the Family Court's determination, there was no testimony that the children were adversely affected by seeing the petitioner (see Augustine B. C. v Michael B., 84 AD2d 740,

741 [1981]; *cf. Matter of Janczuk v Janczuk*, 305 AD2d 680, 681 [2003]; *Matter of Wilson v McGlinchey*, 305 AD2d 879 [2003], *affd* 2 NY3d 375 [2004]). Indeed, the paternal grandparent, in whose foster care the children were placed, characterized the petitioner's interaction with the oldest child during visits as "positive" and the law guardian generally supported the petition.

Upon all of the circumstances, we find that the Family Court erred in dismissing the petition. However, the evidence in the record supports a determination that supervised visitation in New York and limited telephone contact with the petitioner would be in the children's best interests. Mastro, J.P., Rivera, Skelos and Covello, JJ., concur.