■ In the Matter of TIMOTHY SHOCKOME, Respondent, v YEVGENIA SHOCKOME, Appellant. [862 NYS2d 378]—

In a proceeding pursuant to Family Court Act article 6, the mother appeals, as limited by her brief, from so much of an amended order of the Family Court, Dutchess County (Amodeo, J.), dated December 29, 2006, as, after a hearing, granted the father's petition to suspend her telephone contact and visitation with the subject children to the extent of suspending her telephone contact until she complied with certain of the court's prior orders, and denied that branch of her application which was for unsupervised visitation in New York.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

In adjudicating visitation, the most important factor is the best interests of the children (*see Matter of Wilson v McGlinchey,* 2 NY3d 375 [2004]). A visitation order may be modified upon a showing of sufficient change in circumstances since the entry of the prior order such that modification is warranted to further the children's best interests (*id.* at 381-382; *see Matter of Ammirata v Ammirata,* 49 AD3d 829 [2008]; *Matter of Waldman v Waldman,* 47 AD3d 637 [2008]). The court also may authorize limited telephone communication upon a finding that it is in the child's best interests (*see Posporelis v Posporelis,* 41 AD3d 986 [2007]; *Matter of Fletcher v Fletcher,* 29 AD3d 908 [2006]).

Based on the evidence adduced at the hearing, the Family Court did not err in granting the father's petition to suspend the mother's telephone contact and visitation with the subject children to the extent of temporarily suspending the mother's telephone contact with the children, while allowing continued e-mail communications, until such time as she complied with certain of the court's prior orders (*see Posporelis v Posporelis,* 41 AD3d 986 [2007]; *Matter of Fletcher v Fletcher,* 29 AD3d 908 [2006]). Further, the Family Court properly denied that branch of the mother's application which was for unsupervised visitation in New York (*see Matter of Echols v Weiner,* 46 AD3d 825 [2007]).

The mother's remaining contentions are either not properly before this Court or without merit. Rivera, J.P., Fisher, Lifson and Dillon, JJ., concur.