■ In the Matter of LYNN F. BALGLEY, Respondent, v ROBERT J. COHEN, Appellant. [900 NYS2d 659]—

In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Westchester County (Malone, J.), dated February 17, 2009, which, after a hearing, in effect, granted the mother's petition to suspend the father's visitation with the subject child, and further directed that the father's visitation shall remain suspended until the child's treating therapist recommends that visitation should be reinstated.

Ordered that the order is modified, on the law, by deleting the second decretal paragraph thereof directing "that [the father's] access to David shall remain suspended until David's treating therapist recommends that [the father's] access should be reinstated"; as so modified, the order is affirmed, without costs or disbursements.

When making a determination with respect to visitation, the most important factor is the best interests of the child (see Matter of Shockome v Shockome, 53 AD3d 618, 619 [2008]). A visitation order may be modified upon a showing of sufficient change in circumstances since the entry of the prior order such that modification is warranted to further the child's best interests (id.). Since "[a] noncustodial parent is entitled to meaningful visitation," the "denial of that right must be based on substantial evidence that visitation would be detrimental to the welfare of the child" (Matter of Sinnott-Turner v Kolba, 60 AD3d 774, 775 [2009]). Here, the Family Court's determination that it was in the best interests of the subject child to suspend the father's visitation with the child has a sound and substantial basis in the record and, thus, we decline to disturb it (id. at 776; see Matter of Thompson v Yu-Thompson, 41 AD3d 487, 488 [2007]).

However, "the Family Court improperly delegated the authority to determine future issues involving visitation to a therapist" (Matter of Sinnott-Turner v Kolba, 60 AD3d at 776; see Matter of Held v Gomez, 35 AD3d 608 [2006]). Accordingly, we modify the order to the extent indicated.

We note that suspending the father's visitation with the

subject child in no way "precludes the [father] from seeking a modification as to [his] visitation rights at some later date should the totality of the circumstances indicate that to do so would be in the best interests of the child" (*Matter of Panetta v Ruddy*, 18 AD3d 662, 663 [2005]). Skelos, J.P., Angiolillo, Leventhal and Roman, JJ., concur.