■ In the Matter of DORCAS PERALTA, Appellant, v THOMAS IRRIZARY et al., Respondents. [938 NYS2d 114]—

This proceeding involves grandparent visitation. An order of visitation dated September 5, 2007, which was entered on the consent of the parties, awarded the petitioner, the maternal grandmother (hereinafter the grandmother), supervised visitation with her two granddaughters every other month. However, visitation pursuant to that order occurred only once. The grandmother filed a modification petition, inter alia, to increase visitation to once per month. In an order dated May 15, 2009, the Family Court denied that petition, vacated the prior order of visitation dated September 5, 2007, and dismissed the proceeding. The grandmother appealed from the order dated May 15, 2009. In a decision and order dated August 10, 2010, this Court modified the Family Court's order dated May 15, 2009. This court deleted the provisions thereof denying that branch of the grandmother's petition which was to modify the order dated September 5, 2007, to award her monthly visitation, vacating the order dated September 5, 2007, and dismissing the proceeding, and substituting therefor a provision awarding the grandmother monthly supervised visitation (*see Matter of Peralta v Irrizary*, 76 AD3d 561 [2010]). We concluded that, contrary to the Family Court's determination, it was in the grandchildren's best interests to have monthly supervised visitation with the grandmother (*id.* at 562). We also noted that, "[b]y the parents' testimony at the hearing that they did not intend to comply with the visitation order going forward, the parents have unilaterally determined after one visit that, despite the existing visitation arrangement, they would no longer allow the grandmother to visit with her grandchildren" (*id.*).

According to Nellie Peralta, the grandmother's sister, who had been appointed to supervise the visitation, the parents continue to refuse to allow the grandmother to visit with the grandchildren. The grandmother filed the two petitions that are the subject of this proceeding, both dated September 14, 2010. In one petition, the grandmother sought to modify the prior order of visitation, dated September 5, 2007, in effect, by substituting the New Windsor YWCA for Nellie Peralta as the entity designated to supervise visitation, as Nellie Peralta no longer wished to serve in this capacity and was unavailable to supervise future visitation. In the other petition, the grandmother sought, in effect, to enforce the decision and order of this Court dated August 10, 2010. Shortly after the commence-

ment of a hearing, the Family Court granted the parents' motion, made at the close of the petitioner's case, to dismiss the petitions. In the orders appealed from, the Family Court dismissed both petitions, determining that, as to each petition, the grandmother failed to establish a prima facie case. The grandmother appeals and we reverse both orders.

"A visitation order may be modified upon a showing of sufficient change in circumstances since the entry of the prior order such that modification is warranted to further the child's best interests" (*Matter of Balgley v Cohen*, 73 AD3d 1038, 1038 [2010]; *see Matter of Figueroa v Lewis*, 81 AD3d 823, 823 [2011]; *Matter of Shockome v Shockome*, 53 AD3d 618, 619 [2008]). Contrary to the Family Court's determination, the grandmother established, prima facie, that there had been a sufficient change in circumstances such that modification of the prior order to substitute the New Windsor YWCA for Nellie Peralta as the entity designated to supervise visitation was warranted to further the grandchildren's best interests. However, since the parents moved to dismiss the petition, and the court granted their motion at the close of the petitioner's case, the parents did not present their case in opposition to the modification petition.

Similarly, based on the evidence before the Family Court, as well as the background and history of the case with which the Family Court was fully familiar based on prior proceedings (*cf. Matter of Jenna C. [Omisa C.]*, 81 AD3d 941, 943 [2011]; *Matter of Weinschneider v Weinschneider*, 73 AD3d 1194, 1195 [2010]; *Matter of Jeffers v Hicks*, 67 AD3d 800, 801 [2009]; *Matter of Attallah N.*, 65 AD3d 1047, 1048 [2009]), the grandmother satisfied her prima facie burden with regard to the petition, in effect, to enforce the decision and order of this Court dated August 10, 2010 (*see generally Matter of Alyssa L.D.*, 56 AD3d 1184, 1185 [2008]; *Joye v Schechter*, 118 Misc 2d 403, 410-411 [1983]). The record establishes, prima facie, that the parents, in willful violation of prior court orders, refuse to allow the grandmother to visit with the children.

Accordingly, we must remit the matter to the Family Court, Orange County, for a new hearing on the grandmother's petitions and a new determination thereafter. Under the circumstances of this case, the hearing should be held before a different Judge.

The remaining contention of the attorney for the children need not be addressed at this juncture. Skelos, J.P., Dickerson, Austin and Miller, JJ., concur.