*798 In a visitation proceeding pursuant to Family Court Act article 6, the father appeals from (1) a decision of the Family Court, Queens County (McGrady, Ct. Atty. Ref.), dated January 27, 2012, made after a hearing, and (2) an order of the same court, also dated January 27, 2012, which, upon the decision, vacated so much of an order of the same court (Richroath, J.), dated December 11, 2002, as provided for visitation between the father and the child and, in effect, denied the father’s petition, in effect, to modify the order dated December 11, 2002, to afford him visitation with the child in the correctional facility where the petitioner is housed.
Ordered that the appeal from the decision is dismissed, without costs or disbursements, as no appeal lies from a decision (see Schicchi v J.A. Green Constr. Corp., 100 AD2d 509 [1984]); and it is further,
Ordered that the order is affirmed, without costs or disbursements.
In 2002, the father and mother lived together with the subject child in Queens. After a disagreement in September or October 2002, the father left the home and moved into a different apartment. An order of the Family Court, Queens County (Richroath, J), dated December 11, 2002, awarded custody of the child to the mother, and directed, inter alia, weekly visitation with the father. On December 29, 2002, when the mother arrived at the father’s apartment to pick the child up from a visit, the father lured the mother into his apartment and then attacked her. After the father took the mother’s keys and broke her cell phone with a hammer, he beat her, stripped her, tied her up, and raped her. The incident went on for approximately five or six hours. The then-10-month-old child was present for the entire incident. At one point, the father tied and duct-taped the mother to a chair and duct-taped the child to the mother’s lap so that he could go out to buy more alcohol. While the father was out, the mother managed to free herself and the child, and escaped. As a result of this incident, the father was convicted of kidnapping in the second degree, assault in the third degree, and endangering the welfare of a child, and he was sentenced to 17 years imprisonment on the conviction of kidnapping in the second degree. This Court affirmed the judgment of conviction in 2006 (see People v Rambali, 27 AD3d 582 [2006]). The father has had no relationship with the child since December 2002, and had not attempted to contact the child for many years. The mother and child currently live in Florida, and the child is thriving. The father now seeks visitation with the child. He filed the instant *799 petition in 2010, seeking, in effect, to modify the order dated December 11, 2002, directing custody and visitation to afford him visitation with the child in the correctional facility where he is housed. After a hearing, the Family Court vacated so much of the order dated December 11, 2002, as provided for visitation between the father and the child, in effect, denied the father’s petition.
“A visitation order may be modified upon a showing of sufficient change in circumstances since the entry of the prior order such that modification is warranted to further the child’s best interests” 9Matter of Balgley v Cohen, 73 AD3d 1038, 1038 [2010]; see Matter of Peralta v Irrizary, 91 AD3d 877, 879 [2012]; Matter of Shockome v Shockome, 53 AD3d 618, 619 [2008]). “When making a determination with respect to visitation, the most important factor is the best interests of the child” (Matter of Balgley v Cohen, 73 AD3d at 1038; see Matter of Sullivan v Moore, 95 AD3d 1223, 1223 [2012]; Matter of Shockome v Shockome, 53 AD3d at 619). The best interests of the child are determined by an examination of the totality of the circumstances (see Eschbach v Eschbach, 56 NY2d 167, 172 [1982]). Because “custody and visitation determinations ‘necessarily depend[ ] to a great extent upon an assessment of the character and credibility of the parties and witnesses, deference is accorded the court’s findings’ ” (Matter of James M. v Kevin M., 99 AD3d 911, 913 [2012], quoting Matter of Elliott v Felder, 69 AD3d 623, 623 [2010]). “Since ‘[a] noncustodial parent is entitled to meaningful visitation,’ the ‘denial of that right must be based on substantial evidence that visitation would be detrimental to the welfare of the child’ ” (Matter of Balgley v Cohen, 73 AD3d at 1038, quoting Matter of Sinnott-Turner v Kolba, 60 AD3d 774, 775 [2009]). However, “[t]he determination of visitation is within the sound discretion of the hearing court based upon the best interests of the child, and its determination will not be set aside unless it lacks a substantial basis in the record” (Matter of Myers v Anderson, 100 AD3d 906, 906 [2012] [internal quotation marks omitted]; see Matter of Smith v Smith, 92 AD3d 791, 792 [2012]; Matter of McLean v Simpson, 82 AD3d 1101, 1101 [2011]; Matter of Kachelhofer v Wasiak, 10 AD3d 366, 366 [2004]).
Here, substantial evidence in the record demonstrated that visitation with the father would be detrimental to the welfare of the child, and that visitation with the father is not in the child’s best interests. Accordingly, the Family Court properly vacated so much of the order dated December 11, 2002, as provided for visitation between the father and the child and, in effect, denied *800 the father’s petition. Mastro, J.P., Dickerson, Sgroi and Hinds-Radix, JJ., concur.