In related visitation proceedings pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Orange County (Klein, J.), dated May 22, 2012, which, after a hearing, granted the father’s petition to modify a prior order of visitation of the same court dated February 1, 2007.
Ordered that the order dated May 22, 2012, is affirmed, without costs or disbursements.
In determining custody and visitation rights, the most important factor to be considered is the best interests of the children (see Matter of Ciara B. [Edward T. — Alba B.], 96 AD3d 833, 834 [2012]; Matter of Purse v Crocker, 95 AD3d 1216, 1216-1217 [2012]; see also Eschbach v Eschbach, 56 NY2d 167, 171 [1982]). A party seeking to modify an existing visitation arrangement must show that there has been a sufficient change in circumstances since the entry of the prior order such that modification is warranted to further the children’s best interests (see Matter of Rambali v Rambali, 102 AD3d 797, 799 [2013]; Matter of Peralta v Irrizary, 91 AD3d 877, 879 [2012]). The determination of visitation is within the sound discretion of the hearing court based on the best interests of the children, and its determination will not be set aside unless it lacks a sound and *900 substantial basis in the record (see Matter of Rambali v Rambali, 102 AD3d at 799; Matter of Giannoulakis v Kounalis, 97 AD3d 748, 749 [2012]).
Here, the Family Court’s determination is supported by a sound and substantial basis in the record. Based on the evidence adduced at the hearing, the court properly found that a change in circumstances in the intervening five years warranted modification of the existing visitation schedule (see Matter of Swett v Balcom, 64 AD3d 934, 934-935 [2009]; Matter of Hermanowski v Hermanowski, 57 AD3d 777, 778 [2008]). The Family Court properly determined that expanded visitation with the father would serve the children’s best interests. In this regard, the court correctly, inter alia, accorded great weight to the stated desires of the then-15 and 16-year-old children to spend more time with their father, particularly in light of their notable level of maturity and the legitimate reasons they articulated in support of their preference (see generally Matter of McGovern v McGovern, 58 AD3d 911, 915 [2009]; Koppenhoefer v Koppenhoefer, 159 AD2d 113, 117 [1990]; Bergson v Bergson, 68 AD2d 931, 932 [1979]).
Accordingly, the Family Court’s determination will not be disturbed. Skelos, J.P., Dickerson, Austin and Cohen, JJ., concur.