In the Matter of ARTURO HANSEN, Appellant, v CHANDRA BALKARAN, Respondent. [976 NYS2d 105]—

In a custody and visitation proceeding pursuant to Family Court Act article 6, the father appeals, as limited by his brief, from so much of an order of the Family Court, Queens County (Richardson-Mendelson, J.), dated June 14, 2012, as, after a hearing, denied that branch of his petition which was for liberal visitation with the subject child, granted the mother's application to modify the parties' judgment of divorce dated September 26, 2013, so as to award the father only supervised visitation with the subject child, and directed him to participate in individual mental health treatment.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

In determining visitation rights, the most important factor to be considered is the best interests of the child (*see Jacobs v Young*, 107 AD3d 896 [2013]; *Matter of Nicholas v Nicholas*, 107 AD3d 899 [2013]; *see also Eschbach v Eschbach*, 56 NY2d 167, 174 [1982]). A visitation order may be modified upon a showing

that there has been a change in circumstances since the entry of the prior order such that modification is warranted to further the child's best interests (*see Matter of Nicholas v Nicholas*, 107 AD3d at 899; *Matter of Rambali v Rambali*, 102 AD3d 797, 799 [2013]). The determination of visitation is within the sound discretion of the trial court, and its determination will not be set aside unless it lacks a sound and substantial basis in the record (*see Matter of Nicholas v Nicholas*, 107 AD3d at 899-900; *Matter of Rambali v Rambali*, 102 AD3d at 799).

Here, the Family Court's determination that a change of circumstances had occurred, warranting modification of the visitation provisions of the judgment of divorce to the extent of requiring that the father's visitation occur with supervision and on a limited schedule, has a sound and substantial basis in the record (*see Matter of Hall v Simmons*, 108 AD3d 628 [2013]; *Matter of Smith v Roberts*, 67 AD3d 688, 689 [2009]).

Contrary to the father's contention, the Family Court did not condition his ability to reapply for more liberal visitation on his participation in individual mental health treatment (*see Matter of Thompson v Yu-Thompson*, 41 AD3d 487, 488 [2007]; *Zafran v Zafran*, 306 AD2d 468, 469 [2003]). Mastro, J.P., Leventhal, Austin and Sgroi, JJ., concur.