■ In the Matter of DANIEL COSTIGAN, Respondent, v ELIZA-BETH RENNER, Appellant. [998 NYS2d 451]—

Appeal from an order of the Family Court, Queens County (Stephen J. Bogacz, J.), dated September 24, 2013. The order, upon, in effect, granting the father's motion to confirm a report of a Referee (Julie Stanton, Ct. Atty. Ref.), made after a hearing, and upon, in effect, denying the mother's cross motion to reject the Referee's report and for a new hearing, granted the father's petition to modify the visitation provisions of a prior order of that court dated September 28, 2012, so as to, inter alia, limit the mother to therapeutically supervised visitation with the subject children.

Ordered that the order dated September 24, 2013, is affirmed, with costs.

"In determining visitation rights, the most important factor to be considered is the best interests of the child" (Matter of Hansen v Balkaran, 111 AD3d 827, 827 [2013]). A visitation order may be modified upon a showing that there has been a change in circumstances since entry of the prior order such that modification is warranted to further the child's best interests (see id.; Matter of Abranko v Vargas, 26 AD3d 490, 491 [2006]). The determination of visitation is within the sound discretion of the trial court, and its determination will not be set aside un-

less it lacks a sound and substantial basis in the record (see *Matter of Burrell v Burrell*, 101 AD3d 1193 [2012]; *Matter of Gilmartin v Abbas*, 60 AD3d 1058 [2009]; *Matter of Tercjak v Tercjak*, 49 AD3d 772 [2008]).

Here, the Family Court's determination that a change of circumstances had occurred, warranting modification of the visitation provisions of an order of that court dated September 28, 2012, to the extent of requiring that the mother's visitation occur under therapeutic supervision, has a sound and substantial basis in the record (see *Matter of Paul A. v Shaundell LL.*, 117 AD3d 1346 [2014]; *Matter of Hansen v Balkaran*, 111 AD3d at 827; *Matter of Gabriel J. [Dainee A.]*, 100 AD3d 572 [2012]; *Matter of Bullinger v Costa*, 63 AD3d 735 [2009]; *Matter of James Joseph M. v Rosana R.*, 32 AD3d 725, 726 [2006]).

Contrary to the mother's contention, the Family Court did not condition her right to visitation on her participation in a psychiatric evaluation and therapy (see *Matter of Hansen v Balkaran*, 111 AD3d at 827).

The mother's remaining contentions are either unpreserved for appellate review or without merit. Hall, J.P., Cohen, Hinds-Radix and LaSalle, JJ., concur.