In the Matter of BERNARD J. KAVANAGH, Respondent, v FIONA E. KAVANAGH, Appellant. [17 NYS3d 493]—Appeal from an order of the Family Court, Nassau County (Robert Lopresti, Ct. Atty. Ref.), dated May 23, 2014. The order, insofar as appealed from, after a hearing, granted that branch of the father's petition which was to modify a prior order of visitation of that court dated November 26, 2012, so as to award him visitation with the subject children on alternate weekends.

Ordered that the appeal from so much of the order dated May 23, 2014, as granted that branch of the father's petition which was to modify the prior order of visitation with respect to the child Kayla is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order dated May 23, 2014, is affirmed insofar as reviewed, without costs or disbursements.

Since one of the subject children, Kayla, has reached the age of 18, she is no longer subject to the order appealed from, and the appeal from so much of the order as pertained to her must be dismissed as academic (*see Matter of Julian B. v Williams*, 97 AD3d 671 [2012]).

Regarding the remaining two children, in determining custody and visitation rights, the most important factor to be considered is the best interests of the children (*see Eschbach v Eschbach*, 56 NY2d 167, 174 [1982]; *Matter of Nicholas v Nicholas*, 107 AD3d 899 [2013]). A court may modify an existing visitation order "upon a showing that there has been a subsequent change of circumstances and that modification is in the best interests of the child" (*Matter of Sinnott-Turner v Kolba*, 60 AD3d 774, 775 [2009]; *see Matter of Mack v Kass*, 115 AD3d 748, 748-749 [2014]). " 'The determination of visitation issues is entrusted to the sound discretion of the [Family Court], and should not be disturbed on appeal unless it lacks a substantial evidentiary basis in the record' " (*Matter of Mera v Rodriguez*, 73 AD3d 1069, 1069 [2010]; *see Matter of Sinnott-Turner v Kolba*, 60 AD3d at 775; *Matter of Thompson v Yu-Thompson*, 41 AD3d 487, 488 [2007]).

Here, based on the evidence adduced at the hearing, the Family Court properly determined that changes in the circumstances of the mother's residence and the father's employment schedule warranted modification of the existing visitation schedule (*see Matter of Robertson v Robertson*, 40 AD3d 1219,

1220 [2007]; *see also Matter of Nicholas v Nicholas*, 107 AD3d 899, 900 [2013]). Dillon, J.P., Chambers, Hall and Hinds-Radix, JJ., concur.