In the Matter of DANIELLE R. LICATO, Respondent, v ANTHONY JORNET, Appellant. [45 NYS3d 171]—

Appeal by the father from an order of the Family Court, Queens County (Jane A. McGrady, Ct. Atty. Ref.), dated March 27, 2015. The order, after a hearing, granted the mother's petition to modify the visitation provision set forth in a prior order of visitation by, in effect, suspending the father's visitation with the children.

Ordered that the order is affirmed, without costs or disbursements.

The parties are the parents of a daughter born in April 2003, and a son born in November 2004. In an order of visitation dated October 19, 2007 (hereinafter the visitation order), the father was awarded supervised visitation with both children on alternate Saturdays. In December 2013, the mother petitioned to modify the visitation order on the ground that the father had not contacted or visited the children for five years. After a hearing, the Family Court found that the father had failed to visit or contact the children for five years and that he was solely responsible for that failure. Accordingly, the court granted the mother's petition, and in effect, suspended the father's visitation rights by terminating the visitation order. The father appeals.

A party seeking to modify a prior visitation order must show that there has been a sufficient change in circumstances since the entry of the order such that modification is warranted to further the children's best interests (see Matter of Rambali v Rambali, 102 AD3d 797, 799 [2013]; Matter of Peralta v Irrizary, 91 AD3d 877, 879 [2012]). The determination of visitation is within the sound discretion of the hearing court based on the best interests of the children, and its determination will not be set aside unless it lacks a sound and substantial basis in the record (see Matter of Nicholas v Nicholas, 107 AD3d 899, 899-900 [2013]; Matter of Rambali v Rambali, 102 AD3d at 799; Matter of Giannoulakis v Kounalis, 97 AD3d 748, 749 [2012]). Furthermore, while the express wishes of the children are not controlling, "they are entitled to great weight, particularly where their age and maturity would make their input particularly meaningful" (Matter of O'Connor v Dyer, 18 AD3d 757, 757 [2005] [internal quotation marks omitted]; see Matter of Samuel S. v Dayawathie R., 63 AD3d 746, 747 [2009]; Matter of Manfredo v Manfredo, 53 AD3d 498, 500 [2008]).

Here, the record contains a sound and substantial basis for the Family Court's determination that the father had failed to visit or contact the children for five years. This failure by the father constituted, in effect, an abandonment of the children by the father and this abandonment amounted to a change in circumstances such that modification of the visitation order was required to ensure the children's best interests (*see Cervera v Bressler*, 90 AD3d 803, 806 [2011]). Moreover, inasmuch as the court's determination to terminate the visitation order and thus, in effect, suspend visitation between the father and children, was supported by a sound and substantial basis in the record and is consistent with the best interests of the children, we decline to disturb it (*see Matter of Lyons v Knox*, 126 AD3d 798 [2015]; *Cervera v Bressler*, 90 AD3d at 806).

The father's remaining contentions are either not properly before this Court or without merit. Dillon, J.P., Miller, Hinds-Radix and Connolly, JJ., concur.