■ In the Matter of ZINDEL LEBOVIC, Appellant, v SHIRA LEBOVIC, Respondent. [48 NYS3d 616]—Appeal by the father from two orders of the Family Court, Queens County (Julie Stanton, Ct. Atty. Ref.), both dated October 15, 2015. The first order, without a hearing, granted the mother's motion to dismiss the father's petition to modify an order of visitation, and the second order dismissed the father's petition.

Ordered that the orders are affirmed, without costs or disbursements.

The Family Court did not improvidently exercise its discretion in dismissing the father's petition to modify an order of visitation to grant him increased visitation with the subject children. A party seeking to modify a prior visitation order must show that there has been a sufficient change in circumstances since the entry of the order of visitation such that modification is warranted to further the children's best interests (*see Matter of Licato v Jornet*, 146 AD3d 787 [2017]; *Matter of Coull v Rottman*, 131 AD3d 964 [2015]; *Matter of Diaz v Garcia*, 119 AD3d 682 [2014]). The party seeking modification is not automatically entitled to a hearing, but must make an evidentiary showing sufficient to warrant a hearing (*see Matter of Besen v Besen*, 127 AD3d 1076 [2015]; *Whitehead v Whitehead*, 122 AD3d 921 [2014]; *Matter of Getreu v Bossert*, 82 AD3d 1098 [2011]). The father failed to make such an evidentiary showing. The Family Court's determination had a sound and substantial basis in the record, and should not be set aside (*see Matter of Licato v Jornet*, 146 AD3d at 787; *Matter of McDaniel v McDaniel*, 140 AD3d 1167 [2016]; *Matter of Fekete-Markovits v Markovits*, 140 AD3d 1061 [2016]). Mastro, J.P., Chambers, Miller and Barros, JJ., concur.