Appeal by the mother, and separate appeal by the children, from an order of the Family Court, Queens County (John M. Hunt, J.), dated January 30, 2017. The order, insofar as appealed from, denied the mother’s petition to terminate visitation between the father and the children and directed the issuance of an order of protection against the mother directing her to refrain from using corporal punishment against the children.
 

 Ordered that on the Court’s own motion, the notices of appeal dated December 26, 2016, and January 19, 2017, are treated as premature notices of appeal from the order dated January 30, 2017; and it is further,
 

 Ordered that the order dated January 30, 2017, is modified, on the law, by deleting the provision thereof directing the issuance of an order of protection against the mother directing her to refrain from using corporal punishment against the children; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the order of protection against the mother dated December 22, 2016, is vacated.
 

 The mother and the father are unmarried parents of twin girls, born in 2007. Pursuant to an order of custody and visitation dated June 18, 2015, entered on consent, the mother was awarded sole legal and physical custody of the children, with visitation to the father. In August 2016, the mother filed a petition to terminate the father’s visitation with the children, alleging that he failed to follow the existing visitation schedule and had subjected the children to corporal punishment. In the order appealed from, the Family Court, inter alia, denied the mother’s petition, determining that continued, unsupervised visitation between the father and the children was in the children’s best interests, and directed the issuance of an order of protection against the mother directing her to refrain from using corporal punishment against the children. The mother and the children separately appeal from those portions of the order.
 

 “A party seeking to modify a prior visitation order must show that there has been a sufficient change in circumstances since the entry of the order such that modification is warranted to further the children’s best interests” (Matter of Licato v Jornet, 146 AD3d 787, 787 [2017]; see Matter of Sanders v Jaco, 148 AD3d 812, 814 [2017]; Matter of Fekete-Markovits v Markovits, 140 AD3d 1061, 1062 [2016]). “[D]enial of [visitation] rights to a natural parent is a drastic remedy which should only be invoked when there is substantial evidence that visitation would be detrimental to the child” (Matter of Mera v Rodriguez, 73 AD3d 1069, 1069 [2010]; see Cervera v Bressler, 90 AD3d 803, 806 [2011]; Matter of Sinnott-Turner v Kolba, 60 AD3d 774, 775 [2009]; Matter of Vanjak v Pesa, 26 AD3d 512, 513 [2006]). “The determination of visitation is within the sound discretion of the hearing court based on the best interests of the children, and its determination will not be set aside unless it lacks a sound and substantial basis in the record” (Matter of Licato v Jornet, 146 AD3d at 787; see Matter of Sanders v Jaco, 148 AD3d at 814; Matter of Rosenblatt v Rosenblatt, 129 AD3d 1091 [2015]; Matter of Nicholas v Nicholas, 107 AD3d 899, 899-900 [2013]). Here, the Family Court’s determination that continued, unsupervised visitation between the father and the children was in the children’s best interests is supported by a sound and substantial basis in the record and, thus, will not be disturbed.
 

 However, the Family Court improperly directed the issuance of an order of protection against the mother directing her to refrain from using corporal punishment against the children. The father’s enforcement petition contained no allegations that the mother had engaged in corporal punishment, and the evidence did not otherwise reveal a basis for the issuance of a protective order (see Family Ct Act § 656; cf. Matter of Craig S. v Emily S., 149 AD3d 751, 753 [2017]; Matter of Melody M. v Robert M., 103 AD3d 932, 934 [2013]; Matter of Anderson v Harris, 73 AD3d 456, 457 [2010]; Matter of Bronson v Bronson, 23 AD3d 932, 933 [2005]).
 

 The mother’s remaining contentions are without merit.
 

 Leventhal, J.P., Chambers, Maltese and Duffy, JJ., concur.