Matter of Guerra v Oakes (2018 NY Slip Op 02619)





Matter of Guerra v Oakes


2018 NY Slip Op 02619


Decided on April 18, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 18, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
MARK C. DILLON
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2017-05190
 (Docket Nos. V-1445-10, V-1446-10)

[*1]In the Matter of Angelique Guerra, appellant,
v
Douglas Oakes, respondent.


Helene Chowes, New York, NY, for appellant.
Catherine S. Bridge, Staten Island, NY, for respondent.
Geanine Towers, Brooklyn, NY, attorney for the children.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Richmond County (Peter F. DeLizzo, J.), dated April 12, 2017. The order, insofar as appealed from, after a hearing, in effect, denied that branch of the mother's petition which was to modify a prior order of the same court (Karen B. Wolff, J.), dated May 24, 2012, to award the mother unsupervised overnight alternate weekend physical access to the parties' two children and granted the father's cross petition to modify the same order to the extent of limiting the mother's physical access to unsupervised parenting time on Sundays from 12:00 p.m. to 4:00 p.m. and supervised parenting time on Wednesdays from 6:00 p.m. to 7:30 p.m.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The parties have two children. By order on consent dated May 24, 2012, the father was granted sole legal and physical custody of the parties' children and the mother was granted physical access on alternate weekends from Friday until Sunday evening to take place at the home of the mother's cousin, another relative's home, or a hotel, on notice to the father, and weekly physical access on Wednesday evenings. On or about January 29, 2016, the mother filed a petition seeking modification of the May 24, 2012, order to award her, inter alia, alternate weekend overnight physical access at her home. On or about February 12, 2016, the father filed a cross petition for modification of the same order to limit the mother to supervised, non-overnight physical access. After a hearing, the Family Court limited the mother's physical access to unsupervised parenting [*2]time on Sundays from 12:00 p.m. to 4:00 p.m. and supervised parenting time on Wednesdays from 6:00 p.m. to 7:30 p.m., with no overnight physical access. The mother appeals.
An existing order of physical access may be modified only upon a showing that there has been such a change in circumstances since the entry of the order that modification of the order is necessary to ensure the continued best interests and welfare of the children (see Matter of Licato v Jornet, 146 AD3d 787; Matter of Rogan v Guida, 143 AD3d 830; Matter of Rambali v Rambali, 102 AD3d 797). Moreover, because determinations with regard to physical access depend to a great extent upon an assessment of the character and credibility of the parties and witnesses, this Court accords deference to the Family Court's findings and will not set them aside unless they lack a sound and substantial basis in the record (see Matter of Clarke v Wiltshire, 145 AD3d 776). Furthermore, considerable deference must be accorded to the Family Court's assessment of the parties, inasmuch as the assessment rests on that court's superior position to evaluate the witnesses' demeanor and credibility (see Matter of Wright v Stewart, 131 AD3d 1256; Matter of Santano v Cezair, 106 AD3d 1097).
When determining issues of custody and physical access, the most important factor to be considered is the best interests of the children (see Eschbach v Eschbach, 56 NY2d 167, 171; Matter of Jules v Corriette, 76 AD3d 1016). Although the express wishes of the children are not controlling, "they are entitled to great weight, particularly where their age and maturity would make their input particularly meaningful" (Matter of Koppenhoefer v Koppenhoefer, 159 AD2d 113, 117; see Matter of Licato v Jornet, 146 AD3d 787, 787; Matter of Samuel S. v Dayawathie R., 63 AD3d 746, 747; Matter of Manfredo v Manfredo, 53 AD3d 498, 500; Matter of O'Connor v Dyer, 18 AD3d 757, 757).
Here, the Family Court's determination was supported by a sound and substantial basis in the record, including the preference of the children, who were 14 and 9 years old, respectively, at the time of the hearing, not to have overnight physical access with the mother. Thus, the court's determination will not be disturbed.
The parties' remaining contentions are without merit.
MASTRO, J.P., DILLON, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court