Matter of Sofia v Hendry (2018 NY Slip Op 03369)





Matter of Sofia v Hendry


2018 NY Slip Op 03369


Decided on May 9, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 9, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
SHERI S. ROMAN
SANDRA L. SGROI
JOSEPH J. MALTESE, JJ.


2016-09901
 (Docket Nos. V-26369-10, V-26370-10)

[*1]In the Matter of Robert. Sofia, appellant, v
v
Kellie M. Hendry, respondent.


Michael A. Fiechter, Bellmore, NY, for appellant.
New York Legal Assistance Group (O'Melveny & Myers LLP, New York, NY [B. Andrew Bednark and Antoinette N. Rangel], of counsel), for respondent.
Hector L. Santiago, Kew Gardens, NY, attorney for the chilren.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Queens County (Mildred T. Negron, J.), dated August 19, 2016. The order, insofar as appealed from, after a hearing, and upon a decision of the same court dated August 18, 2016, denied the father overnight physical access with the subject children.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The father petitioned for custody of the parties' two children. After a hearing, the Family Court, inter alia, awarded the father daytime physical access on alternating weekends. The father appeals from so much of the order as denied him overnight physical access.
In reviewing the Family Court's determination herein, we accord considerable deference to the court's assessment of the parties, because the assessment rests on that court's superior position to evaluate the witnesses' demeanor and credibility (see Matter of Wright v Stewart, 131 AD3d 1256; Matter of Santano v Cezair, 106 AD3d 1097). In determining physical access rights, the most important factor to be considered is the best interests of the children (see Eschbach v Eschbach, 56 NY2d 167, 174; Matter of Nicholas v Nicholas, 107 AD3d 899). The determination of physical access issues is entrusted to the sound discretion of the Family Court, and its determination will not be disturbed on appeal unless it lacks a sound and substantial basis in the record (see Matter of Rodriguez v Liegey, 132 AD3d 880; Matter of Kavanagh v Kavanagh, 132 AD3d 674; Matter of Thompson v Yu—Thompson, 41 AD3d 487, 488).
Here, the Family Court's determination that it was not in the children's best interests for the father to have overnight physical access was supported by a sound and substantial basis in the record and, thus, will not be disturbed.
SCHEINKMAN, P.J., ROMAN, SGROI and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court