Matter of Wagner v Villegas (2018 NY Slip Op 03986)





Matter of Wagner v Villegas


2018 NY Slip Op 03986


Decided on June 6, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 6, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
REINALDO E. RIVERA
LEONARD B. AUSTIN
HECTOR D. LASALLE, JJ.


2017-04662
 (Docket Nos. V-4556-04, V-4557-04)

[*1]In the Matter of Kazel Wagner, respondent, 
v
John Villegas, appellant.


Dennis R. Vetrano, Jr., LLC, Beacon, NY (A.J. Iuele of counsel), for appellant.
Legal Services of the Hudson Valley, Newburgh, NY (Sarah Maida of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Orange County (Victoria B. Campbell, J.), dated April 12, 2017. The order, insofar as appealed from, after a hearing, granted those branches of the mother's petition which were to modify a prior order of custody and physical access dated September 19, 2014, so as to award her sole legal and physical custody of the parties' children and, in effect, to suspend the father's physical access for six months. By decision and order on motion dated December 6, 2017, this Court granted the father's motion, inter alia, to stay enforcement of the order dated April 12, 2017, pending hearing and determination of the appeal.
ORDERED that the order dated April 12, 2017, is affirmed insofar as appealed from, without costs or disbursements.
The parties, who were never married, are the parents of twin daughters, who were born in 2004. In 2004, the father was awarded sole custody of the children. In an order entered September 19, 2014, upon the parties' consent, the Family Court awarded sole custody of the children to the father, with physical access to the mother. The mother commenced this proceeding in early 2017. By order dated April 12, 2017, the Family Court, after a hearing, inter alia, granted those branches of the mother's petition which were to modify the order dated September 19, 2014, so as to award her sole legal and physical custody of the children and, in effect, to suspend the father's physical access for six months. The father appeals.
Contrary to the father's contention, the Family Court had jurisdiction over this matter inasmuch as the Florida court declined jurisdiction in its order of August 5, 2016, which denied his motion for the exercise of emergency jurisdiction, finding that "the [Family] Court of New York continues to have jurisdiction over the subject matter and the parties." (see Domestic Relations Law Sec. 75[a]).
"To warrant modification of an existing court-sanctioned child custody arrangement, there must be a showing [that there has been] a change in circumstances, such that the modification [*2]is required to protect the best interests of the child" (Matter of Cortez v Cortez, 111 AD3d 717, 717; see Matter of Zall v Theiss, 144 AD3d 831, 832; Matter of Connolly v Walsh, 126 AD3d 691, 693; Matter of Graziani C.A. [Lisa A.], 117 AD3d 729, 730). In determining whether such a change in circumstances exist, the court must consider the totality of the circumstances, including "whether the alleged change in circumstances suggests that one of the parties is unfit to parent, the nature and quality of the relationships between the child and each of the parties, the ability of each parent to provide for the child's emotional and intellectual development, the parental guidance that the custodial parent provides for the child, and the effect an award of custody to one parent might have on the child's relationship with the other parent" (Matter of Connolly v Walsh, 126 AD3d at 693; see Matter of Islam v Lee, 115 AD3d 952, 953). "Since the Family Court's determination with respect to custody and visitation depends to a great extent upon its assessment of the credibility of the witnesses and upon the character, temperament, and sincerity of the parties, deference is accorded to its findings in this regard, and such findings will not be disturbed unless they lack a sound and substantial basis in the record" (Matter of Gangi v Sanfratello, 157 AD3d 677, 678; see Matter of Estrada v Palacios, 148 AD3d 804, 804).
Here, the evidence showed that the father failed to obey court orders regarding physical access and relocated with the children several times (from New York to Florida, Florida to St. Croix, U.S. Virgin Islands, and St. Croix to New Jersey) without informing the mother of their whereabouts. The evidence also showed that the father neglected to follow through with the recommendations of professionals for special education and mental health services for the children, including services related to the alleged sexual abuse of the children by a third party. The record also demonstrated that the father engaged in excessive corporal punishment and/or physical abuse of the children and acts of parental alienation. Moreover, the evidence supports the Family Court's determination that, although the mother had a troubled history, she had resolved her prior issues, had been providing a stable home for the children since gaining temporary custody of them in August 2016, and was attentive to their needs. Accordingly, the court's determination that it was in the children's best interests to award sole legal and physical custody to the mother had a sound and substantial basis in the record and will not be disturbed (see Eschbach v Eschbach, 56 NY2d 167, 173-174; Matter of Gangi v Sanfratello, 157 AD3d at 678-679; Matter of Halioris v Halioris, 126 AD3d 973, 974; Matter of Bennett v Schultz, 110 AD3d 792, 793).
Further, substantial evidence in the record existed to support the Family Court's determination to temporarily suspend the father's physical access for a six-month period, during which time telephone contact would be allowed (see Matter of Rambali v Rambali, 102 AD3d 797, 799; Matter of Balgley v Cohen, 73 AD3d 1038; cf. Matter of Fekete-Markovits v Markovits, 140 AD3d 1061, 1063). Contrary to the father's contention, the court did not improperly delegate to a therapist the authority to set a physical access schedule (cf. Matter of Balgley v Cohen, 73 AD3d at 1038).
MASTRO, J.P., RIVERA, AUSTIN and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court