Matter of Lisa A.S. v Ray A.T. (2020 NY Slip Op 07202)





Matter of Lisa A.S. v Ray A.T.


2020 NY Slip Op 07202


Decided on December 2, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2018-15065
 (Docket No. G-3503-16)

[*1]In the Matter of Lisa A. S. (Anonymous), petitioner- respondent, 
v
Ray A. T. (Anonymous), respondent, Deborah A. F. (Anonymous), appellant.


Joseph J. Artrip, Cornwall, NY, for appellant.
Gloria Marchetti-Bruck, White Plains, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the maternal grandmother appeals from an order of the Family Court, Orange County (Lori Currier Woods, J.), dated November 19, 2018. The order, insofar as appealed from, after a hearing, granted that branch of the mother's petition which was to modify a prior order of visitation of the same court dated March 27, 2018, so as to terminate visitation between the maternal grandmother and the subject child.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
By order dated March 27, 2018, the maternal grandmother was awarded supervised visitation with the subject child, who was born in 2007, for a three-hour period, at least once every three weeks. The mother thereafter commenced this proceeding, inter alia, to modify the order of visitation so as to terminate the maternal grandmother's visitation with the child based on a change in circumstances. The petition alleged that, since the entry of the prior order of visitation, there had been a "change of circumstances" in that the mother had been offered a promotion that necessitates that she relocate with the child to Germany.
"'A visitation order may be modified upon a showing of sufficient change in circumstances since the entry of the prior order such that modification is warranted to further the child's best interests'" (Matter of Peralta v Irrizary, 91 AD3d 877, 879, quoting Matter of Balgley v Cohen, 73 AD3d 1038, 1038; see Family Ct Act § 467(b)(ii); Matter of Wilson v McGlinchey, 2 NY3d 375, 380; Matter of Condon v Verdile, 151 AD3d 849, 850, citing Matter of Weiss v Rosenthal, 120 AD3d 505, 506). "When making a determination with respect to visitation, the most important factor is the best interests of the child" (Matter of Balgley v Cohen, 73 AD3d at 1038). The best interests of the child are determined by an examination of the totality of the circumstances (see Eschbach v Eschbach, 56 NY2d 167, 171-172). "Since weighing the factors relevant to any custody determination depends to a very great extent upon the hearing court's assessment of the credibility of the witnesses and of the character, temperament, and sincerity of the parties, its findings are generally accorded great respect and will not be disturbed unless they lack a sound and substantial basis in the record, or are contrary to the weight of the evidence" (Weisberger v Weisberger, 154 AD3d 41, 51 [internal quotation marks omitted]).
Here, the mother demonstrated that the move would result in the child gaining beneficial opportunities, including not only those resulting from the mother's increased salary, but also those attendant to living in a foreign country, including learning the language of that country. The child also expressed interest in the opportunities afforded by the relocation with the mother to the foreign country. In addition, the mother testified that her relationship with the maternal grandmother had become "increasingly toxic" and that the maternal grandmother's recurring unfounded allegations against the mother to child protective services had a negative impact on both the mother and the child. Accordingly, the Family Court's determination that the child's best interests would be served by terminating the maternal grandmother's supervised visitation with the child has a sound and substantial basis in the record.
AUSTIN, J.P., MILLER, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court