Matter of Wagner v Del Valle (2021 NY Slip Op 05345)





Matter of Wagner v Del Valle


2021 NY Slip Op 05345


Decided on October 6, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 6, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
FRANCESCA E. CONNOLLY
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.


2020-01756
 (Docket No. V-14882-15/17B)

[*1]In the Matter of Michael Philip Wagner, appellant,
v
Emily Christine Del Valle, respondent.


Daniel Lawrence Pagano, White Plains, NY, for appellant.
Scott Stone, White Plains, NY, for respondent.
Stephen P. Gold, White Plains, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Westchester County (Rachel Hahn, J.), dated February 7, 2020. The order, insofar as appealed from, after a hearing, granted that branch of the father's petition which was for parental access only to the extent of awarding him supervised parental access with the child.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The parties, who were never married, have one child in common, born in October 2015. In an order dated February 22, 2016, which was entered upon the father's default and after an inquest, the mother was awarded sole legal and physical custody of the child. In August 2017, the father filed a petition to modify the prior order so as to award him, inter alia, parental access with the child. In an order dated February 7, 2020, the Family Court, after a fact-finding hearing, among other things, granted that branch of the father's petition which was for parental access only to the extent of awarding him supervised parental access with the child. The father appeals.
Supervised parental access is appropriately required only where it is established that unsupervised parental access would be detrimental to the child (see Matter of Livesey v Gulick, 194 AD3d 1045, 1048; Matter of Masri v Masri, 171 AD3d 1183, 1185). The determination of whether parental access should be supervised is a matter within the sound discretion of the hearing court, and its findings will not be disturbed on appeal unless they lack a sound and substantial basis in the record (see Matter of Lynch v Fittipaldi-Lynch, 183 AD3d 741, 742; Matter of Masri v Masri, 171 AD3d at 1185).
Here, contrary to the father's contention, the Family Court's determination that it was in the best interests of the child to award the father supervised parental access is supported by a sound and substantial basis in the record (see Matter of Livesey v Gulick, 194 AD3d at 1048; Matter of Pritchard v Coelho, 177 AD3d 887, 888).
The father's remaining contentions are without merit.
CHAMBERS, J.P., CONNOLLY, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court