Matter of Douglas v Polanco (2025 NY Slip Op 04177)

Matter of Douglas v Polanco

2025 NY Slip Op 04177

Decided on July 16, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 16, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
WILLIAM G. FORD
HELEN VOUTSINAS
LAURENCE L. LOVE, JJ.

2024-01779
 (Docket Nos. V-7569-22, V-7570-22)

[*1]In the Matter of Michael Douglas, appellant,
v
Geraldine Polanco, respondent-respondent, et al., respondent.

Yasmin Daley Duncan, Brooklyn, NY, for appellant.
Center for Family Representation, Inc., New York, NY (Emily S. Wall of counsel), for respondent-respondent.
Kenneth M. Tuccillo, Hastings on Hudson, NY, attorney for the children.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Queens County (Joan L. Piccirillo, J.), dated January 23, 2024. The order, insofar as appealed from, after a hearing, awarded the mother unsupervised daytime parental access with the parties' children in the community.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The mother and the father have two children together. In May 2022, the father filed a petition for sole legal and residential custody of the children. After a hearing, in an order dated January 23, 2024, the Family Court, inter alia, granted the father's petition and awarded the mother unsupervised daytime parental access with the children in the community. The father appeals from so much of the order as awarded the mother unsupervised daytime parental access with the children in the community.
"The paramount concern in any custody or [parental access] determination is the best interests of the child, under the totality of the circumstances" (Matter of Fernandez v Harrell, 194 AD3d 930, 930 [internal quotation marks omitted]; see Matter of Lopez v Prudencio, 179 AD3d 690, 960). "A determination with respect to parental access, including whether it should be supervised, is within the sound discretion of the Family Court, and its determination will not be set aside unless it lacks a sound and substantial basis in the record" (Matter of Devine v Dominguez, 210 AD3d 768, 769; see Matter of Gray v Tyson, 205 AD3d 720, 721). "Supervised parental access is appropriately required only where it is established that unsupervised parental access would be detrimental to the child" (Matter of Wagner v Del Valle, 198 AD3d 664, 664; see Matter of Gray v Tyson, 205 AD3d at 721).
Here, the Family Court's determination that it was in the children's best interests to award the mother unsupervised daytime parental access with them in the community has a sound and [*2]substantial basis in the record and will not be disturbed (see Matter of Staten v King, 155 AD3d 879, 880; cf. Matter of Brown v Simon, 195 AD3d 806, 821).
BRATHWAITE NELSON, J.P., FORD, VOUTSINAS and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court